## MITCHELL v. BOARD OF GOVERNORS OF WASHINGTON STATE BAR ASS'N.

### No. 10814.

Circuit Court of Appeals, Ninth Circuit.

Oct. 26, 1944.

Rehearing Denied Nov. 24, 1944.

W. B. Mitchell, of Spokane, Wash., for appellant.

S. H. Kelleran, of Seattle, Wash., for appellee.

Before DENMAN, STEPHENS, and HEALY, Circuit Judges.

PER CURIAM.

Appellant was disbarred from practice as an attorney at law by an order of the court below. Subsequently he filed a petition for reinstatement as such attorney in that court. The Board of Governors of the Washington State Bar Association intervened and answered, to which the petitioner replied. Hearing was had and, on September 26, 1942, the petition was dismissed. No appeal was taken therefrom.

On September 1, 1943, long after the time for appeal from the final order of dismissal had expired and after the term of the District Court in which the judgment of dismissal was entered, appellant filed in the same proceeding (as appears from his designation for the record on this appeal and from the District Court's clerk's certificate for this appeal of the record of the proceedings below) a purported amended petition in which he seeks to reopen the proceeding and again join the Board of Governors as respondent.

The District Court entertained the amended petition and an amendment thereto, though without jurisdiction thereof, and entered orders of dismissal thereof, from which orders this appeal was taken within the time provided by law. Since the District Court was without jurisdiction to entertain the amended petition, the orders dismissing it were the proper action below. They are

Affirmed.

### Upon Petition for Rehearing.

The petition for rehearing labors under the misapprehension that the order of dismissal on September 26, 1942, of appellant's proceeding for reinstatement was not

a final order ending that proceeding, because it was without prejudice.

Hence, he argues, that proceeding remained open for the filing therein of a subsequent petition. Appellant is in error. A proceeding is none the less terminated because it is dismissed without prejudice. Without setting aside such an order, the court is without jurisdiction in that proceeding to entertain another petition, filed in that proceeding over a year later.

The petition for rehearing is denied.