John B. KATHE, Jr., Appellant,

v.

UNITED STATES of America,
Appellee.

No. 16954.

United States Court of Appeals
Ninth Circuit.

Dec. 5, 1960.

Rehearing Denied Feb. 3, 1961.

John B. Kathe, in pro. per.

Perry W. Morton, Asst. Atty. Gen., Albert N. Minton, Leo C. Rodkin, Asst. U. S. Attys., Laughlin E. Waters, U. S. Atty., Los Angeles, Cal., Roger P. Marquis, Robert S. Griswold, Jr., Attys., Dept. of Justice, Washington, D. C., for appellee.

Before STEPHENS, JERTBERG and KOELSCH, Circuit Judges.

JERTBERG, Circuit Judge.

The proceeding from which this appeal arises is one in condemnation instituted by the appellee on August 21, 1952, wherein the appellee sought the right to the exclusive use and occupancy of certain lands, including land belonging to the appellant, for a term of years beginning on August 21, 1952 and ending June 30, 1953, which term could be extended for yearly periods thereafter until June 30, 1958, at the election of the appellee. The amount of estimated compensation for the use of appellant's land, at the rate of $90 per annum, was deposited in the registry of the court upon the filing of the declaration of taking. On May 21, 1956, a written stipulation for judgment, signed by the appellant and the appellee and dated May 1, 1956, was filed in the condemnation proceeding.

The recitals of the stipulation recite the institution of the condemnation action and that the parties "desire to agree and hereby do agree upon the just compensation to be paid for said exclusive use and occupancy of said property for the term and upon the conditions hereinafter stipulated." Among the stipulations made by the parties are that the appellant voluntarily appeared in the action, submitted to the jurisdiction of the court, and expressly waives "service of process, trial or hearing on the merits, the making of findings of fact and conclusions of law and notice of entry of judgment, and agrees that a judgment may be entered herein ex parte in accordance with the terms of this Stipulation." It was also stipulated that "the just compensation, inclusive of interest, to be paid for the exclusive use and occupancy of said property by the United States, is the sum of $90.00 per annum, said compensation due and payable being as follows: for the term ending June 30, 1953, $77.50; for the term ending June 30, 1954, $90.00; and for the term ending June 30, 1955, $90.00; being payment in the total amount of $257.50 to this stipulating defendant as rental for the periods herein specified. Payment for subsequent extensions, at the rate of $90.00 per annum, shall be made at the end of each year. Said payments may be made by deposit into the registry of this court." It was also stipulated that "A judgment may be entered herein ex parte in accordance with the terms of this Stipulation, and such judgment shall also provide that the court shall retain jurisdiction to make and enter such other and further orders, judgments and decrees as may be necessary or proper in this cause."

On May 21, 1956, a judgment and decree in condemnation was entered pursuant to the terms of said stipulation.

On June 30, 1958, appellee, by separate action, instituted condemnation proceedings to acquire the entire fee interest in appellant's land, being the same land which was the subject of the term taking. Upon filing of the declaration of taking the amount of estimated just compensation, in the amount of $2,500, was deposited in the registry of the court. On June 11, 1959, appellant filed an answer in which he not only claimed just compensation for the fee taking, but also claimed just compensation of rental in the amount of $300 per year for the term taking. The date of the trial for fixing just compensation in the fee taking proceedings was originally fixed for May 24, 1960, but apparently the date of the trial was postponed pending disposition of this appeal.

On February 24, 1960, appellant petitioned the district court to consider appellant's plea for just compensation for the term taking "at the same time, and along with defendant's plea for trial for a just compensation" in the separate proceedings involving the fee taking. In such motion or petition appellant "petitions the Court to nullify and make void that judgment entered May 22, 1956 and any other judgments which would effect or prevent defendant's right to trial for a just compensation on the rental issue and to combine the rental issue" with the fee taking action.

As grounds for the motion or petition to vacate the judgment entered May 22, 1956, appellant alleged that the United States Attorney, "in complete disregard of defendant's Constitutional rights, did harass the defendant, deceive him, and refused to release the rental money, set by the Court (which the defendant was entitled to draw down without prejudice to a later Court determination for a just compensation) unless, and until defendant signed a paper signifying satisfaction of judgment," and that "defendant was finally obliged to sign the satisfaction of judgment in order to obtain the rental money, which he needed to pay the taxes on Parcel 31." Appellee filed an answer to appellant's motion or petition to set aside the judgment, in which it recited the correspondence which had been exchanged by the appellee and the appellant leading up to and including the filing of the stipulation and the entry of the judgment made pursuant thereto. In

such answer appellee petitioned the court for an order that such judgment be declared valid and proper. Appellant filed an objection and answer, in which he reiterated the allegations contained in his motion or petition to annul such judgment.

The district court treated appellant's motion as one to vacate judgment under Federal Rules of Civil Procedure 60(b) (1) and (3), 28 U.S.C.A., and held that it was without jurisdiction to grant such motion because the motion was not made within one year from the entry of the judgment, and accordingly denied the same. It is this order from which appellant appeals.

Rule 60, Federal Rules of Civil Procedure, in its relevant parts provides:

"Rule 60. Relief from Judgment or Order

"(a) Clerical Mistakes. * * *

"(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59 (b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment,

order, or proceeding was entered or taken. * * *"

The only issue tendered by appellant's answer to the first condemnation action was the amount of just compensation to which appellant was entitled for the term taken. That issue was fully disposed of in the judgment which was entered pursuant to the stipulation, and only ministerial acts remained to be performed under the judgment. In our view, the judgment is a final one notwithstanding the reservation by the court of jurisdiction to make and enter such other and further orders, judgments and decrees as may be necessary or proper in the case. In such situation the judgment could be set aside only by independent action or motion under Rule 60(b). The allegations of appellant's petition or motion to set aside the judgment at best come only within the purview of Rule 60(b) (1) and/or (3). Rule 60(b) (1) provides for relief based on "mistake, inadvertence, surprise, or excusable neglect" and Rule 60(b) (3) provides for relief where there is "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party." The rule requires that the motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. Since appellant's motion was filed more than three years and eight months after the entry of the judgment, the district court was therefore without jurisdiction to entertain the motion. Mitchell v. Board of Governors, Etc., 9 Cir., 1944, 145 F.2d 827, certiorari denied 324 U.S. 845, 65 S.Ct. 677, 89 L.Ed. 1407.

Were appellant appearing other than in propria persona this opinion would not be further extended, but in view of such fact and his contention that he was deprived of just compensation without notice and without trial, we wish to state that the record discloses that following the entry of the judgment on May 21, 1956 there was filed on June 6, 1956 Receipt in Partial Satisfaction of Judgment, in which the appellant acknowl-

edged receipt by him of the sum of $257.-16; that on August 6, 1956 there was filed Receipt in Full Satisfaction of Judgment, in which appellant acknowledged receipt of the sum of $90, being annual rental for the period commencing July 1, 1955 and ending June 30, 1956, and that there was filed on July 26, 1957 Receipt in Full Satisfaction of Judgment, in which the appellant acknowledged receipt of the sum of $90 being the annual rental for the period commencing July 1, 1956 and ending June 30, 1957. Appellee's brief states that because of a clerical error the first payment made to appellant was 34 cents short of the full amount due, and that upon payment by appellee appellant executed a Receipt in Full Satisfaction of the judgment. Appellant makes no contradiction of such statement.

We have examined the correspondence in the record exchanged between appellant and appellee and are fully satisfied that the stipulation for judgment signed by appellant was knowingly and voluntarily executed by appellant and that at said time appellant was fully aware of his right to have just compensation for the term indicated fixed either by trial or by stipulation following negotiations. He chose to stipulate.

It is apparent from the papers filed on this appeal that appellant's dissatisfaction with the judgment entered below stems not from the judgment but from the fact that upon the expiration of the term taken appellee instituted its proceedings in condemnation to acquire the full fee title to appellant's land. In his notice of appeal to this Court appellant states "Defendant had no knowledge that the leasehold interest acquired by the Plaintiff * * * would be merely a prelude to acquisition of his title. He looked forward to the time when his land would be returned to him at expiration of the leasehold. * * * Which explains why he finally signed a stipulation in judgment." The door is still open to the appellant to secure just compensation for this fee taking at the trial, the date of which is to be hereafter fixed by the district court, notice of which will be given to the appellant.

The order appealed from is affirmed.