**Sophie RADACK and Charles Radack, Plaintiffs-Appellees,**

v.

**NORWEGIAN AMERICA LINE AGENCY, INC., and Den Norske Amerika-linje, A/S, Defendants-Appellants.**

No. 271, Docket 27954.

United States Court of Appeals Second Circuit.

Argued March 13, 1963.

Decided May 21, 1963.

---

LEONARD P. MOORE, Circuit Judge.

This appeal, taken by defendants, is from an order vacating a prior order of dismissal for lack of prosecution. The action, originally brought on May 2, 1960, in the Supreme Court of New York, County of Queens, and removed to the United States District Court for the Eastern District by defendants, arose out of an injury allegedly suffered by plaintiff-appellee, Sophie Radack, while a passenger aboard the M/S Oslofjord on January 3, 1960.

After joinder of issue, the case was called on the Special Review Calendar and was dismissed on June 26, 1961, for lack of prosecution by order of the Hon. Walter Bruchhausen, pursuant to Rule 23 of the General Rules of that Court.[1] On September 25, 1962, some fifteen months later, plaintiffs moved to vacate the order of dismissal and their motion was granted (opinion filed October 19, 1962) by the Hon. Jacob Mishler under Rule 60(b)(6). A subsequent order of Judge Mishler, dated November 16, 1962, ordered that the case be restored to the Court's docket and denied defendants' request that the case be certified for immediate appeal to this Court. 28 U.S.C. § 1292(b).

The question for review involves the application of Rule 60(b), Fed.R.Civ. Pro., providing relief from judgments or orders. That rule in relevant part provides that:

"(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable

Haight, Gardner, Poor & Havens, New York City (Thomas F. Molanphy, William P. Kain, Jr., New York City, of counsel), for defendants-appellants.

Max L. Katzman, Brooklyn, N. Y., and Standard, Weisberg & Harolds, New York City (Jack Weinberger, New York City, of counsel), for plaintiffs-appellees.

Before MOORE, FRIENDLY and SMITH, Circuit Judges.

[1]. Rule 23 provides:
"Causes which have been pending for more than (Southern) one year [(Eastern) six months] and are not on the trial calendar may be called for review upon not less than fifteen (15) days' notice given by the clerk by mail addressed to the attorneys or proctors of record. Notice of the call of such causes shall be published in the New York Law Journal, or otherwise as the court directs. The court may thereupon enter an order dismissing the cause for want of prosecution, or continuing it, or may make such other order as justice may require."

neglect; \* \* \* or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken."

The issue as framed by the parties on argument and on brief was whether appellees received notice by mail that the case was being called on the Review Calendar as required by General Rule 23 of the Eastern District Court Rules. The court below held that the records of the clerk's office were inconclusive and stated that "I therefore assume, for the purpose of this motion, that no notice was sent to plaintiffs' attorney." Relief was granted under Rule 60(b)(6). Appellants contend on appeal that the evidence establishes that appellees did in fact get notice or that the notice appearing in the New York Law Journal was legally sufficient; that appellees' failure to appear was probably the result of some confusion engendered in their attorneys' firm resulting from the sudden death of a senior partner; that failure to appear constituted excusable neglect or inadvertence and thus their motion to vacate was barred by the one-year time limitation under Rule 60(b)(1).

 The Court is of the opinion that appellants are correct in their assertion that notice of the calendar call was in fact received by appellees.[2] Were this all that was involved in this case, we would reverse. However, an affidavit submitted in support of the motion to vacate discloses that appellees' counsel received no notice of the dismissal of the action and that they learned of the dismissal for the first time fifteen months later when they attempted to serve interrogatories in September, 1962.[3] The affidavit states that counsel thereafter was advised by the Clerk of the Court for the Eastern District that following the entry of a dismissal order pursuant to General Rule 23, it is not the practice to apprise the litigant's attorney adversely affected by the order of this fact, either by written or oral communication.

 The parties have apparently attached no legal significance to the absence of notice of the dismissal of the action. However, Rule 77(d), Fed.R.Civ. Pro., in part provides that "Immediately upon the entry of an order or judgment the clerk shall serve a notice of the entry by mail in the manner provided for in Rule 5 upon every party affected thereby who is not in default for failure to appear \* \* \*". Arguably, the language "in default for failure to appear" applies to the case at bar since appellees failed to appear for the calendar call. However, Professor Moore states that such language, appearing in Rules 5(a) and 55(b)(1) as well, means that once a party makes an appearance in an action,

2. Plaintiffs' attorney submitted an affidavit indicating that his office has no record of receiving the notice, although he admits that this may have been due to the disruption in his office already referred to. Notice of the review call was sent to defendants' attorneys and entered in their records on May 17, 1961, one month prior to the return date. This notice was a carbon copy, with the attorneys' name written in longhand, and the original thereof is not on file in the District Court records. The logical conclusion flowing from the fact that defendants received notice and that it was a carbon copy is that the Clerk sent a notice to plaintiffs' attorney as well. The District Court noted that the address of the attorney to whom notice was to be directed was missing from the docket book. However, a copy of the docket book filed with the record on appeal indicates that the docket book lists plaintiffs' counsel as "Max L. Katzman and Standard, Weisberg, Harolds & Malament (Of Counsel), 38 Park Row, N. Y. 38, N. Y." Although this establishes that Mr. Katzman's address was missing and that he did not receive notice, notice to Standard, Weisberg, Harolds and Malament was sufficient to comply with Rule 23 of the District Court Rules.

3. The motion to vacate was made in the district court within one month after counsel became aware of the entry of judgment.

he is entitled to notice of all proceedings taken in that action thereafter. 2 Moore, Federal Practice ¶ 5.05 (2d ed. 1955). Rule 5(a) provides for the service of papers and motions on all parties affected thereby except that "no service need be made on parties in default for failure to appear * * *". Rule 55(b) (1) provides for entry of judgment in certain instances by the clerk of the court against a defendant "if he has been defaulted for failure to appear." These provisions are clearly intended to apply only to parties who have never made an appearance; they are inapplicable where a party has failed to make an appearance at some subsequent stage of proceedings. Since appellees were plaintiffs here, they had made an appearance.[4] This was sufficient to entitle appellees to notice of the dismissal of the action and the apparent practice of the Eastern District to the contrary violates the mandate of Rule 77(d).

The matter does not end here, however, for we must consider whether the absence of notice gave the district court power to reopen the judgment under Rule 60(b) (6). This catch-all clause in Rule 60 gives the district court a "grand reservoir of equitable power to do justice in a particular case." 7 Moore, Federal Practice at p. 308 (1950 ed.); Pierre v. Bernuth, Lembcke Co., 20 F.R. D. 116, 117 (S.D.N.Y.1956). Though not a substitute for appeal, Wagner v. United States, 316 F.2d 871 (2d Cir., April 25, 1963); Huddleston v. McComas, 277 F.2d 677 (6th Cir. 1960), and subject to the one-year time limitation when the grounds urged for relief fall within clauses (1), (2) or (3), the rule should be liberally construed when substantial justice will thus be served. Klapprott v. United States, 335 U.S. 601, 615, 69 S.Ct. 384, 93 L.Ed. 266, modified, 336 U.S. 942, 69 S.Ct. 398, 93 L.Ed. 1099 (1949); Bridoux v. Eastern Air Lines, Inc., 214 F.2d 207 (D.C.Cir.),

cert. denied, 348 U.S. 821, 75 S.Ct. 33, 99 L.Ed. 647 (1954); Tozer v. Charles A. Krause Milling Co., 189 F.2d 242 (3d Cir. 1951); Estate of Cremidas, 14 F. R.D. 15 (D. Alaska 1953).

Concededly, the underlying justification for vacating the dismissal of this case is inadvertence or excusable neglect, grounds barred under the one-year time limitation. Although the Supreme Court in Klapprott rejected the view set forth in the original opinion in United States v. Karahalias, 205 F.2d 331, 333 (2d Cir. 1953), that subsection (6) gives the court a "discretionary dispensing power over the limitation imposed by the Rule itself on subsections (1), (2) and (3)", the circumstances of lack of notice of the dismissal acts as a bar to the efficacious operation of subsections (1), (2) and (3). Had notice of the entry of judgment been given in this case, the plaintiffs would have been forewarned of the necessity of moving to vacate within one year if they wished to preserve the grounds on which they could most heavily rely, namely, counsel's inadvertence or excusable neglect. Rule 60 (b) relief acts as a corrective remedy, mitigating the harsh impact of calendar rules when a litigant's action is dismissed as a result of his counsel's neglect, Link v. Wabash Railroad Co., 370 U.S. 626, 632, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962), and we hold that it is available in a case such as this.

We do not mean to suggest that the granting of relief under Rule 60 (b) (6) is proper in all cases where notice of the entry of judgment is not sent to one of the parties; lack of notice does not *ipso facto* mean that a judgment must, can or should be reopened. A party may learn of the entry of judgment by reading the Law Journal or may be so informed by opposing counsel. The rule cannot be used to circumvent the 1946 amendment to Rule 77(d) dealing with the effect of lack of notice on the running

---

4. In addition, Sophie Radack had already submitted to a physical examination by two doctors designated by defendants and to an examination before trial by attorneys for the defendants.

of the time for appeal. Wagner v. United States, supra. Nor is 60(b) (6) relief available for an unlimited time. The rule is still subject to both the reasonable time limitation and to the proper exercise of discretion by the district court considering all of the circumstances present in a given case. The granting of such motions should be considered only where lack of notice has operated to prejudice a substantial right or remedy that would otherwise have been available.

If no notice of the entry of judgment was ever received by appellees, the district court had the power to vacate the judgment and this appeal should be dismissed.[5] However, since that factual issue was never posed in the district court, all that is available to us is appellees' affidavit stating that the practice of the clerk's office in the Eastern District is not to send notices. This issue should be determined on remand by the district court with an opportunity afforded appellants to demonstrate the contrary. If notice was in fact sent, the motion to vacate should be denied for as we have indicated above, the finding of the district court that no notice of the placing of the case on the calendar call was received by appellees was clearly erroneous. But if notice of the judgment was not sent, the judge has the power, in the exercise of a sound discretion, to grant relief under Rule 60(b) (6).

Vacated and remanded.

---

5. Although the order below vacating the dismissal was interlocutory and not final, see 7 Moore, Federal Practice ¶ 60.30 [3] (2d ed. 1955), there is a long line of cases to the effect that if the lower court has lost jurisdiction at the time an order is entered, an appeal will lie, Littman v. Bache & Co., 246 F.2d 490 (2d Cir. 1957); Weilbacher v. J. H. Winchester & Co., 197 F.2d 303, 306 (2d Cir. 1952) (dissenting opinion); Larsen v. Wright & Cobb Lighterage Co., 167 F.2d 320 (2d Cir. 1948); Board of Supervisors v. Knickerbocker Ice Co., 80 F.2d 248 (2d Cir. 1935). See, also, Phillips v. Negley, 117 U.S. 665, 6 S.Ct. 901, 29 L.Ed. 1013 (1886). But see 7 Moore, Federal Practice ¶ 60.30 [3] at 343 (2d ed. 1955) (critical of this view and suggesting that review, if proper at this stage of the proceeding, should come through the medium of a prerogative writ). It is also established that a district court is without power to grant relief on grounds set forth in subdivision (1) after the one-year time period has run. See Klapprott v. United States, 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266, modified, 336 U.S. 942, 69 S.Ct. 398, 93 L.Ed. 1099 (1949); United States v. Karahalias, 205 F.2d 331 (2d Cir. 1953); Kathe v. United States, 284 F. 2d 713 (9th Cir. 1960); Davis v. Wadsworth Construction Co., 27 F.R.D. 1 (E.D.Pa.1961). The question of jurisdiction on appeal is thus intertwined with the merits here. If the motion was properly within subdivision (1), we have jurisdiction and must reverse; if within subdivision (6), we do not.