361 F.2d 314
 Grady L. WEST and Clifford C. Graham, Plaintiffs-Appellants,
v.
Edward M. GILBERT, E. L. Bruce Co., Incorporated, Coraloc Industries, Inc., William A. Fio Rito, Israel G. Seeger and Vincent D'Susa, Defendants-Appellees.
 No. 353.
 Docket 30287.
 United States Court of Appeals Second Circuit.
 Argued April 27, 1966.
 Decided May 18, 1966.
 
 James L. Adler, Jr., New York City (Richard H. Wels, and Moss, Wels & Marcus, New York City, on the brief), for plaintiffs-appellants.
 Israel G. Seeger, New York City (Miller & Seeger, New York City, on the brief), for defendants-appellees Fio Rito and Seeger.
 Thomas Field, New York City (John I. Boswell, and Webster, Sheffield, Fleischmann, Hitchcock & Chrystie, New York City, on the brief), for defendants-appellees Bruce Co. and Coraloc Industries.
 Leonard Holland, New York City (Gerald J. Beyer, and Riesner, Jawitz & Holland, New York City, on the brief), for defendant-appellee D'Susa.
 Before SMITH, KAUFMAN and FEINBERG, Circuit Judges.
 PER CURIAM.
 
 
 1
 Grady West and Clifford Graham appeal from two orders of the United States District Court for the Southern District of New York, Sylvester J. Ryan, Chief Judge, denying their motion under Rule 60(b) (6) to vacate an order of dismissal for failure to prosecute, and denying a motion to reargue. We find no error and affirm the orders.
 
 
 2
 West and Graham, shareholders of defendant Coraloc Industries, brought this action in August 1962, against Coraloc, its controlling shareholders, officers, and attorney, and against E. L. Bruce Co. for damages and the imposition of a trust. Plaintiffs alleged that they were fraudulently induced to sell their shares and options in Coraloc to insiders, who resold at a profit to Bruce.
 
 
 3
 Substantial discovery took place, including "1000 pages of deposition" and "hundreds of documents marked for identification." In December 1963 and March 1964 the case appeared on the review calendars, and was adjourned upon the request of all counsel. In June 1964, after defendants had completed their examinations, and plaintiff was "preparing to examine at least four more" witnesses, the case was again called under Rule 23 of the General Rules of the United States District Courts for the Southern and Eastern Districts of New York. An order issued June 8 requiring that plaintiffs file a note of issue, or "take other action to obtain a determination of the above entitled action by Aug 17 1964" or else the action "may be dismissed without further notice, for want of prosecution."[1] Plaintiffs filed a notice of deposition on August 14. On August 21 Judge Ryan dismissed the action. Apparently no party or counsel was aware of this, because dismissal no doubt was without further notice, pursuant to the order of June 8, and deposition continued into December 1964. After learning in September 1965 of the dismissal, plaintiffs' counsel moved on December 6, 1965 to vacate the order of dismissal. The motion was denied.
 
 
 4
 Plaintiffs' attorneys claim they received no notice of entry of the order of June 8, 1964 (or of the order of August 21). It appears, however, that the June 8 order was noticed. Compare Radack v. Norwegian American Lines Agency, Inc., 318 F.2d 538 (2 Cir. 1963).
 
 
 5
 The District Court has the power to dismiss for failure to prosecute, on its own motion. The matter is discretionary, and on appeal from such an order, an appellate court will not reverse except for an abuse of discretion. Link v. Wabash R. Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); Deep South Oil Co. of Tex. v. Metropolitan Life Ins. Co., 310 F.2d 933 (2 Cir. 1962); Rule 41(b).
 
 
 6
 Motions to vacate under Rule 60(b) are also addressed to the discretion of the District Court. Link, 370 U.S. at 636, 82 S.Ct. at 1391; Parker v. Broadcast Music, Inc., 289 F.2d 313 (2 Cir. 1961); Darlington v. Studebaker-Packard Corp., 261 F.2d 903 (7 Cir. 1959).
 
 
 7
 In effect this appeal calls into question the District Court's exercise of discretion on both occasions. We find no abuse of discretion. The case was two and one half years old when the 60-day order was entered, and three and one half years old when reopening was denied. The only action taken after the 60-day order of June 8, 1964 was the noticing of a deposition August 14, more than 60 days later, its taking October 24, 1964 and signing December 24, 1964. Even after learning at least by September 1965 of the dismissal, plaintiffs did not move to vacate until December 6, 1965. Even if no notices had gone out, the long delay in moving the case to trial after it had three times appeared on review calendars would justify dismissal. This court has frequently upheld the District Courts in their efforts to control the movement of the great volume of litigation on their calendars.[2] We affirm the action of the court here.
 
 
 
 Notes:
 
 
 [1]
 Appellants claim a request for another sixty-day adjournment was granted at the June calendar call. The order of June 8 is otherwise. And in denying plaintiffs' motion to vacate the order of dismissal, Judge Ryan characterized the request at the June calendar call as an application "for an extension of time within which to place this suit on the calendar" (which was, of course, granted up to August 17, 1964). In any case, plaintiffs did not even appear in approximately 60 days
 
 
 [2]
 See, e. g. Bardin v. Mondon, 298 F. 2d 235 (2 Cir. 1961); Demeulenaere v. Rockwell Mfg. Co., 312 F.2d 209 (2 Cir.), cert. denied, 374 U.S. 813, 83 S.Ct. 1704, 10 L.Ed.2d 1036 (1962); Cucurillo v. Schulte, Bruns, 324 F.2d 234 (2 Cir. 1963). See also, Ohliger v. United States, 308 F.2d 667 (2 Cir. 1962); Newton v. United States, 308 F.2d 668 (2 Cir. 1962). Compare, Tradeways Inc. v. Chrysler Corp., 342 F.2d 350 (2 Cir. 1965)