Jocelyn SAVITZ and Jack Savitz,
Plaintiffs,

v.

G. D. SEARLE & CO., Defendant.

No. 72 Civ. 48.

United States District Court,
E. D. New York.

July 2, 1982.

Glaser, Shandell & Blitz by Richard E. Shandell and Emily Diamond, New York City, for plaintiffs.

Bower & Gardner by John J. Bower and Ann F. Vinci, New York City, for defendant.

## MEMORANDUM AND ORDER

PLATT, District Judge.

 This is a motion by plaintiffs, Jocelyn and Jack Savitz, to vacate this Court's order dated September 25, 1978, dismissing the complaint for failure to prosecute. The motion was noticed in April, 1982, more than 3½ years after entry of the dismissal order. Oral argument was heard on June 18, 1982.[1]

---

1. Immediately prior to arguing this motion, plaintiffs' attorney made an oral application requesting that this Court recuse itself from hearing and deciding this motion and reassign this case. Needless to say, such an oral application at the time of argument is not substantively sufficient or procedurally proper. Plaintiffs had more than two months after noticing their motion to vacate in which properly to notice a motion to recuse with appropriate supporting papers. Nevertheless, we did listen to plaintiffs' application. As we understand it, plaintiffs argue that this Court should not hear this motion because of some inherent bias which they claim inevitably attaches whenever a judge reconsiders or otherwise sits in review of his own order. This argument simply does not provide any basis for a recusal. The case assignment system is designed to ensure essentially what plaintiff seems to find objectionable; that a judge with full knowledge of a case will as a rule hear all motions and decide all issues related to that case. Absent from plaintiffs' argument is any allegation of disqualifying bias

This action was commenced in January of 1972. Mrs. Savitz sought damages from the defendant, G. D. Searle & Co. (Searle), for injuries allegedly sustained as a result of the use of a drug manufactured and marketed by Searle.[2] The parties engaged in motion practice, much of it ancillary to what appears from the record to have been an active two year period of discovery. On September 23, 1974 this Court entered an order directing that the parties comply with certain discovery procedures. This September 1974 order constituted the final oral or written communication between this Court and the parties. From that point forward Mrs. Savitz took not one further step in pressing her claim against Searle.

Four years later on September 25, 1978, having never received by mail, telephone or other form of communication any request from plaintiffs for either a pretrial conference, settlement conference, trial date, or additional discovery nor any notification from plaintiffs as to the status of the case, nor any inquiry from plaintiffs as to how they might best proceed, we ordered the case dismissed for failure to prosecute.

Plaintiffs' attorney claims and for purposes of this motion we accept as true that she never received a copy of this Court's 1978 dismissal order from the Clerk's Office. Plaintiffs' attorney also claims that although notice of entry of the dismissal order was published in the New York Law Journal, a printing error which listed the case as "Savitz v. Searue" was so confusing as to fail to alert her to the fact that an order had been entered in "Savitz v. Searle." Finally plaintiffs' attorney claims that "[p]ersons from the office checked the docket sheets several times in the four years following the completion of discovery to determine whether [they] had missed any

conferences or scheduled court dates." Affidavit of Richard E. Shandell at 4. The final examination of the docket sheet occurred some time in 1978, but apparently prior to September of that year. *See id.,* Affidavit of Emily Diamond. Despite the attorney's alleged interest in this case as evidenced by the claimed periodic examinations of the docket sheet from 1974, through at best the first three quarters of 1978, plaintiffs' attorney apparently failed to examine the docket sheet on even one occasion over the subsequent three years, i.e., from September 1978 until the end of 1981. Then, suddenly, for some unknown reason, in or about December, 1981 (a time characterized by plaintiffs' attorneys only as "recently," Affidavits of Richard E. Shandell and Emily Diamond) plaintiffs' attorney again examined the docket sheet and discovered the entry of the dismissal order. About four months later, in April, 1982, plaintiffs brought on this motion to vacate the dismissal, not by order to show cause with a request for a shortened time period but by an ordinary notice of motion.

Plaintiffs did not denominate the Rule pursuant to which they are proceeding in this matter. We originally treated this as a motion pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure. That Rule provides in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final . . . order . . . for . . . (1) mistake, inadvertence, surprise, or excusable neglect; . . . the motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the . . . order . . . was entered.

---

or prejudice. This Court's knowledge and opinion of the merits in this case do not emanate from any source other than the litigation before us and our participation in the proceedings. *See United States v. Grinnel Corp.,* 384 U.S. 563, 583, 86 S.Ct. 1698, 1710, 16 L.Ed.2d 778 (1966); *In re International Business Machines Corp.,* 618 F.2d 923 (2d Cir. 1980); *United States v. Wolfson,* 558 F.2d 59 (2d Cir. 1977); *United States v. Bernstein,* 533 F.2d 775

(2d Cir. 1976); *In re Checkmate Stereo & Electronics,* No. 81 Civ. 920, 21 B.R. 402 (Bkrtcy.E. D.N.Y.1982); *Lazofsky v. Sommerset Bus Co.,* 389 F.Supp. 1041 (E.D.N.Y.1975). Plaintiffs' application therefore is and must be denied.

**2.** Mr. Savitz joined his wife as plaintiff asserting a derivative claim for loss of services and companionship.

■ On its face, the one year limitation would appear to bar plaintiffs' motion and dictate a denial. But the circumstances presented when a party does not receive notice of an order of dismissal may in some instances require a tempering of the harshness of the rule, and give a court discretion to treat the motion to vacate as arising under subdivision (6) of Rule 60(b) which imposes only the "reasonable time" requirement.[3]

In *Radack v. Norwegian America Line Agency, Inc.*, 318 F.2d 538 (2d Cir. 1963), the Second Circuit discussed the effect of the failure of a Clerk's Office to send notice of a dismissal order. In *Radack*, counsel had learned of the dismissal fifteen months after its entry when an attempt was made to serve interrogatories. *Id.* at 541. The motion to vacate was made within one month of the time counsel learned of the dismissal. *Id.* n. 3. The underlying basis for the dismissal was counsel's "mistake, inadvertence, surprise, or excusable neglect" and the vacation motion was barred by the one year limitation. *Id.* at 542. The Court noted, however, that

> lack of notice of the dismissal acts as a bar to the efficacious operation of subsections (1), (2) and (3). Had notice of the entry of judgment been given in this case, the plaintiffs would have been forewarned of the necessity of moving to vacate within one year if they wished to preserve the grounds on which they could most heavily rely, namely, counsel's inadvertence or excusable neglect.

*Id.*

The Second Circuit concluded that "if notice of the judgment was not sent,[4] the judge has the power, in the exercise of a sound discretion, to grant relief under Rule 60(b)(6)." *Id.* at 543.

While we thus conclude that the one year limitation does not bar plaintiffs, we nevertheless find for the following reasons that plaintiffs' motion to vacate our September, 1978 order must be denied.

■ At the outset, we note that we do not believe that plaintiffs acted in moving to vacate within a reasonable time from the point at which they learned of the dismissal in December of 1981. Undoubtedly, the gravity of the 1978 order must have been apparent to plaintiffs at that time. The tenacity and temerity with which plaintiffs' counsel pressed the Court with arguments blaming both this Court[5] and defense counsel for somehow failing to move plaintiffs' case to trial are indicative of plaintiffs' counsel's (if not plaintiffs') recognition of the serious consequences flowing from the dismissal order. Plaintiffs' failure under these circumstances to bring on this motion until approximately four months later not only evidences a complete lack of a sense of urgency but also is completely incomprehensible and inexcusable. Mrs. Savitz's affidavit submitted in support of this motion was not even signed until the end of March, 1982.

Counsel for the plaintiffs argued that the Court had not been contacted previously about bringing this case to trial, despite the fact that discovery was allegedly completed some years ago, because counsel did not

---

**3.** There may, of course, be times when even one year is an unreasonable time under Rule 60(b)(1), (2) and (3).

**4.** The Second Circuit recognized that notice might be obtained from the Law Journal or opposing counsel. *Radack v. Norwegian America Line Agency, Inc.*, 318 F.2d at 543. We find it somewhat surprising in this case that plaintiffs' attorney did not get notice of the order through the Law Journal. The misspelling in the name Searle, converting it to "Searue", is not as we read it so misleading, especially when joined with the name Savitz, such that plaintiffs' attorney should not have

been alerted at least to make an inquiry. Nevertheless, we accept the representation at its face value for purposes of this motion.

**5.** Despite the fact that many Courts, including this one, have at the instigation of the Administrative Office attempted to press civil litigants to move their cases to trial, there is no legal or other obligation on any Court to aid and abet a plaintiff in the prosecution of his, her or its claim to trial. Indeed any such thought would be abhorrent to the true and impartial administration of justice and is sufficiently self-evident as not to warrant any further comment.

want to bother or "pester" the Court.[6] We are struck by the disingenous ring of this argument. It is one thing not to want to make a pest of oneself (this is commendable and appreciated). But it is a far cry from that to allow more than seven years to pass without any appearance before or communication with the Court.

This Court acted well within its discretion and inherent authority when in 1978 after 4 years of inactivity we dismissed this case. *See Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *West v. Gilbert*, 361 F.2d 314 (2d Cir.), *cert. denied*, 385 U.S. 919, 87 S.Ct. 229, 17 L.Ed.2d 143 (1966). Even if we had not dismissed this case in 1978, or alternatively, if we were to grant plaintiffs' motion and restore this case to the calendar, we would be inclined, indeed almost compelled, to dismiss it immediately in light of plaintiffs' failure since 1974 to do anything to move this case to trial and particularly in light of plaintiffs' attorney's admitted failure to examine the docket sheet or otherwise keep abreast of the case since approximately September, 1978.

In short, we are now confronted with a 10 year old case in which discovery, according to the defendants, has never been completed; in which the underlying events transpired during the late 1960's; and which has been totally neglected since, at best, September of 1978, and, at worst, September of 1974.

When examined in this light, we believe it would be an abuse of our discretion to vacate the dismissal order and restore this 1972 case, and thus plaintiffs' motion is hereby denied.

SO ORDERED.

covery. This Court had sent to both parties an order so advising them on July 10, 1974.

---

6. Plaintiffs were on notice as early as July of 1974 that they were responsible for completion of a pre-trial order upon completion of dis-