**James V. O'HALLOREN, Elizabeth E. O'Halloren,**

v.

**QUARZITE CARRARA,**

**Aetna Insurance Company, Intervenor.**

**Civ. A. No. 85-0013-Y.**

United States District Court,
D. Massachusetts.

Jan. 23, 1990.

Michael B. Latti, Latti Associates, Boston, Mass., for plaintiffs.

Daniel R. Unumb, Parker, Coulter, Daley & White, Boston, Mass., for intervenor.

## MEMORANDUM AND ORDER ON PLAINTIFFS' MOTION FOR LEAVE TO FURTHER AMEND COMPLAINT (# 64)

ROBERT B. COLLINGS, United States Magistrate.

The defendant Quarzite Carrara appeared in this action shortly after the action was filed in 1985; it was defaulted in 1989 when it failed to appear for a duly-scheduled conference. Thereupon, the plaintiff moved for the entry of a default judgment. A hearing was held on July 18, 1989 for the purpose of assessment of damages on Counts I and II, the only counts which relate to the defendant Quarzite Carrara. Count I is a claim of the plaintiff James V. O'Halloren; Count II is the claim of the plaintiff Elizabeth E. O'Halloren. There is no question but that the defendant Quarzite Carrara received notice of the July 18, 1989 hearing; however, no one participated on its behalf.

On August 17, 1989, plaintiff filed Plaintiffs' Motion For Leave To Further Amend Complaint (# 64). The motion seeks to increase the *ad damnum* in Count I from $750,000 to $2,000,000 and in Count II from $250,000 to $500,000.

The certificate of service on the motion certifies that service of the motion was made by mail on the intervening party only. No service was made on Quarzite Carrara. This is improper. Although defaulted, Quarzite Carrara has not been defaulted "for failure to appear" as that term is used in Rule 5(a), Fed.R.Civ.P. In these circumstances, the defendant Quarzite Carrara is entitled to service of pleadings to the same extent as a party not in default.

As Professor Moore points out:

An appearance does not prevent a party from subsequently becoming in default. But under the Rules a party who enters a proper appearance, although he later defaults because of failure to plead or otherwise defend within the time required by the rules, is entitled to the same notice of the proceedings and the acts done in the case, as a party who is not in default.

2 *Moore's Federal Practice* ¶ 5.05. *See Radack v. Norwegian America Line Agency, Inc.,* 318 F.2d 538, 541–42 (2 Cir., 1963).

Accordingly, it is ORDERED that Plaintiffs' Motion For Leave To Further Amend Complaint (# 64) be, and the same hereby is, DENIED without prejudice for failure to serve a copy of the motion upon the defendant Quarzite Carrara.