**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Cherie PEDREGO, Defendant–**
**Appellant.**

**No. 06–10672.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 14, 2007.

Filed Aug. 22, 2007.

Howard D. Sukenic, Esq., USPX—Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Natman Schaye, Esq., Chandler & Udall, LLP, Natman Schaye, Esq., Tucson, AZ, for Defendant–Appellant.

Before: SCHROEDER, Chief Circuit Judge, CANBY and W. FLETCHER, Circuit Judges.

MEMORANDUM [*]

Cherie Vigil (formerly Pedrego) appeals the district court's order vacating its earlier order granting Vigil's motion to recover fees and costs pursuant to the Hyde Amendment, 111 Stat. 2519 (1997). We have jurisdiction under 28 U.S.C. § 1291, and we reverse. Because the parties are familiar with the factual and procedural history of this case, we do not recount it here.

The district court's order of February 17, 2005, dismissing the indictment without prejudice was a "final judgment" for purposes of 28 U.S.C. § 2412(d)(1)(B). A dismissal without prejudice has the legal effect of rendering the action as if it had never been filed. *United States v. California,* 932 F.2d 1346, 1351 (9th Cir.1991).

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Thus, while the prosecution remained free to refile charges, the February 17, 2005 order terminated the criminal action. *See Mitchell v. Bd. of Governors of Wash. State Bar Ass'n*, 145 F.2d 827, 828 (9th Cir.1944) (per curiam) ("A proceeding is none the less terminated because it is dismissed without prejudice.").

The district court therefore was without jurisdiction to enter its later order of September 28, 2006, dismissing the indictment with prejudice. The district court properly vacated the latter order as void on that ground.

■ Because the earlier order had terminated the case in February 2005, Vigil's application for fees and costs was untimely. The government did not oppose the application when it was filed, however, and the district court awarded the fees and costs. Several months later, the government moved under Rule 60(b), Fed.R.Civ. P., to set aside the award, and the district court granted the motion.

We conclude that the district court abused its discretion by granting the government's Rule 60(b) motion and vacating the award of costs and fees on the ground that the application for them had been untimely. Although the government primarily relied upon Rule 60(b)(4) as a basis for relief, the district court clearly did not accept that argument because it vacated the fee award on the ground that the application was untimely, not for lack of jurisdiction or because the fee award was otherwise void. The district court's decision to vacate the fee award, therefore, necessarily rests on Rule 60(b)(1). Because the government filed its motion for relief well after the time for filing an appeal of the order granting fees, *Ashford v.*

*Steuart*, 657 F.2d 1053, 1055 (9th Cir.1981) (in considering Rule 60(b)(1) motions filed after the time for filing appeals, "the interest in finality must be given great weight"), and because it did not present grounds sufficient to justify its failure to timely challenge Vigil's motion for fees, we conclude that Rule 60(b)(1) did not provide a basis for vacating the fee award.

Accordingly, we REVERSE the district court's order granting the government's Rule 60(b) motion, and REMAND with instructions to reinstate the award of fees and costs.

**REVERSED and REMANDED, with instructions.**