MEMORANDUM ***
Orlando Duarte-Celestino appeals the district court’s denial of his request to compel discovery, hold an evidentiary hearing, and impose sanctions against the United States for bringing charges against Duarte-Celestino that were eventually dismissed without prejudice. Because there is no a case or controversy pending, we lack jurisdiction to hear this appeal under Article III of the Constitution. See Neb. Press Ass’n v. Stuart, 427 U.S. 539, 546, 96 S.Ct. 2791, 49 L.Ed.2d 683 (1976) (noting that federal courts’ authority under Article III is limited to actual cases and controversies).
In order to have standing pursuant to Article III, a party must show (1) injury in fact, (2) a causal connection between the injury and the conduct complained of, and (3) that the injury is redressable. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). Duarte-Celestino cannot meet these criteria. The district court’s dismissal without prejudice of the criminal information against Duarte-Celestino has the legal effect of the information never having been filed. See United States v. California, 932 F.2d 1346, 1351 (9th Cir.1991); see also Mitchell v. Bd. of Governors of Wash. State Bar Ass’n, 145 F.2d 827, 828 (9th Cir.1944) (per curiam) (“A proceeding is none the less terminated because it is dismissed without prejudice”). Thus, it is *315 questionable whether Duarte-Celestino has suffered a cognizable injury. Furthermore, any injury Duarte-Celestino suffered would appear to have been a result of the criminal charge and his detention, and not the denial of discovery or an evi-dentiary hearing. Finally, any alleged injury to Duarte-Celestino from his detention would not be redressed by discovery or an evidentiary hearing, which were directed toward having the district court impose sanctions on government counsel, rather than the entry of any order benefitting Duarte-Celestino. As the district court dismissed this criminal action and Duarte-Celestino has not alleged any redressable injury in this action, he lacks standing to appeal the district court’s denial of his motion. The appeal is DISMISSED.

 disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.