**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5540-15T1

U.S. BANK NATIONAL ASSOCIATION,
AS TRUSTEE FOR RESIDENTIAL
ASSET SECURITIES CORPORATION,
HOME EQUITY MORTGAGE ASSET-
BACKED CERTIFICATES, SERIES
2006-EMX2,

    Plaintiff-Respondent,

v.

TRACEY M. CHRISTENSEN; MR.
CHRISTENSEN, husband of TRACEY
M. CHRISTENSEN; SCOTT A.
CHRISTENSEN; MRS. SCOTT A.
CHRISTENSEN, his wife,

    Defendants-Appellants,

and

BENEFICIAL NEW JERSEY INC.,
d/b/a BENEFICIAL MORTGAGE
COMPANY AND EQUABLE ASCENT
FINANCIAL LLC,

    Defendants.

_____

Submitted September 28, 2017 — Decided October 19, 2017

Before Judges Simonelli and Gooden Brown.

On appeal from Superior Court of New Jersey, Chancery Division, Ocean County, Docket No. F-027291-14.

Tracey M. Christensen and Scott A. Christensen, appellants pro se.

Reed Smith LLP, attorneys for respondent (Henry F. Reichner, of counsel and on the brief).

PER CURIAM

In this foreclosure matter, defendants Tracey M. Christensen and Scott A. Christensen appeal from the August 5, 2016 Chancery Division order, which denied their motion to vacate final judgment entered on November 29, 2015, following a trial at which defendants appeared. For the following reasons, we affirm.

On November 1, 2005, defendants executed a note to Mortgage Lenders Network, USA, Inc. (MLN) in the amount of $220,500. MLN executed an endorsement of the note to Emax Financial Group (Emax), and Emax executed an allonge endorsing the note to MLN. To secure payment of the note, defendants executed a mortgage to Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for MLN and its successors and assigns, on their property located in Brick. The mortgage was recorded with the Ocean County Clerk on November 16, 2005.

Defendants defaulted on July 1, 2012. Prior thereto, on March 1, 2007, Wells Fargo Bank, N.A., as servicer for plaintiff,

received possession of the original note and mortgage. On August 16, 2012, MERS, as nominee for MLN, executed an assignment of the mortgage "together with the note" to U.S. Bank National Association, as trustee for RASC 2006-EMX2. The assignment was recorded with the Ocean County Clerk on August 17, 2012.

On April 15, 2014, U.S. Bank National Association, as trustee for RASC 2006-EMX2 by Wells Fargo Bank, N.A., as attorney-in-fact, executed an assignment of mortgage to plaintiff, as trustee for Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed Pass-Through Certificates, Series 2006-EMX2. The purpose of the assignment was to clarify the name of the trust to whom MERS had assigned the mortgage and note on August 16, 2012. The assignment was recorded with the Ocean County Clerk on April 22, 2014.

On April 11, 2014, plaintiff, through its agent, Wells Fargo, mailed a notice of intention to foreclose to defendants. After defendants failed to cure, on July 3, 2014, plaintiff filed a foreclosure complaint. Defendants filed an answer and asserted eleven affirmative defenses, including plaintiff's lack of standing.

At trial, defendants did not challenge the validity of the note and mortgage or deny their default. Rather, they challenged plaintiff's standing and the assignment of mortgage. In a June

30, 2015 oral decision, the trial judge found plaintiff had physical possession of the original note and assignment of the mortgage to confer standing, and thus plaintiff established a prima facie right to foreclose. The judge entered an order on June 30, 2015, striking defendants' answer and returning the matter to the Office of Foreclosure. On November 29, 2015, the court entered final judgment in plaintiff's favor. Defendants were served with the final judgment on December 7, 2015.

Defendants did not file any post-judgment motions or an appeal. Instead, on July 11, 2016, seven months after receiving the final judgment and after a Sheriff's sale had been scheduled, defendants filed a motion to vacate the final judgment.[1] Defendants argued the trial judge made erroneous factual findings and the evidence did not establish plaintiff had physical possession of the original note and mortgage to confer standing. Defendants also challenged the validity of the assignment of mortgage, arguing that, according to a July 2016 search of the records of the Securities and Exchange Commission (SEC), the trust did not exist.

In opposition, plaintiff argued that defendants did not search the complete and proper name of the trust. Plaintiff

---

[1] The motion papers in the record did not specify on what subsection of Rule 4:50-1 defendants relied.

provided a correct SEC search, which revealed the existence of the trust with the Pooling and Servicing Agreement filed with the SEC on March 10, 2006.

The motion judge determined the motion was untimely, and defendants failed to show excusable neglect. Addressing the merits, the judge found plaintiff had physical possession of the original note and assignment of mortgage to confer standing, and defendants lacked standing to challenge the assignment. The judge also found that a correct search of SEC's records revealed the existence of the trusts in 2006. This appeal followed.

On appeal, defendants contend they were entitled to relief under Rule 4:50-1(a), "mistake, inadvertence, surprise, or excusable neglect;" Rule 4:50-1(d), "the judgment or order is void;" and Rule 4:50-1(f), "any other reason justifying relief from the operation of the judgment or order." Defendants argue, in part, that the judge made erroneous factual findings and there was no evidence plaintiff had physical possession of the note and mortgage to confer standing to foreclose. Defendants also argue they were entitled to relief under Rule 4:50-1(c), "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party," because there was no

power of attorney to authenticate the assignment of mortgage to plaintiff and the trust did not exist.[2]

A motion for relief under Rule 4:50-1 should be granted sparingly and is addressed to the sound discretion of the trial court, whose determination will not be disturbed absent a clear abuse of discretion. U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012). "[A]buse of discretion only arises on demonstration of 'manifest error or injustice[,]'" Hisenaj v. Kuehner, 194 N.J. 6, 20 (2008) (quoting State v. Torres, 183 N.J. 554, 572 (2005)), and occurs when the trial court's decision "is made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." Guillaume, supra, 209 N.J. at 467 (citation omitted). We discern no abuse of discretion here.

Motions made under Rule 4:50-1 must be filed within a reasonable time. R. 4:50-2; see also Deutsche Bank Trust Co. Ams. v. Angeles, 428 N.J. Super. 315, 319 (App. Div. 2012) (citation omitted). Motions based on Rule 4:50-1(a), (b) and (c) must be filed within a year of the judgment. Ibid. However, the one-year

---

[2] We decline to address defendants' additional argument that plaintiff forged the assignment. Defendants did not raise this issue before the trial judge and it is not jurisdictional in nature nor does it substantially implicate the public interest. Zaman v. Felton, 219 N.J. 199, 226-27 (2014) (citation omitted).

limitation for subsections (a), (b) and (c) does not mean that filing within one year automatically qualifies as "within a reasonable time." Orner v. Liu, 419 N.J. Super. 431, 437 (App. Div.), certif. denied, 208 N.J. 369 (2011); R. 4:50-2. "[T]he one-year period represents only the outermost time limit for the filing of a motion based on Rule 4:50-1(a), (b) or (c). [All] Rule 4:50 motions must be filed within a reasonable time, which, in some circumstances, may be less than one year from entry of the order in question." Orner, supra, 419 N.J. Super. at 437. "[D]elays of less than one year may be unreasonable." Id. at 438 (citing McLawhorn v. John W. Daniel & Co., 924 F.2d 535, 538 (4th Cir. 1991) (finding a three-and-one-half-month delay unreasonable); Kagan v. Caterpillar Tractor Co., 795 F.2d 601, 610-12 (7th Cir. 1986) (finding an approximate four-month delay unreasonable); Security Mut. Cas. Co. v. Century Cas. Co., 621 F.2d 1062, 1068 (10th Cir. 1980) (finding a three-month delay unreasonable); West v. Gilbert, 361 F.2d 314, 316 (2d Cir.) (finding a three-month delay unreasonable), cert. denied, 385 U.S. 919, 87 S. Ct. 229, 17 L. Ed. 2d 143 (1966)).

Here, defendants' seven month delay in filing their Rule 4:50-1 motion was unreasonable in the circumstance. Defendants were aware of the judge's June 30, 2015 ruling and of entry of final judgment, but waited seven months after receiving the

judgment and after the Sheriff's sale was scheduled to file their motion. Defendants gave no reason for the delay. Accordingly, their motion was barred by Rule 4:50-2. Even if not time-barred, the motion lacked merit.

Relief under Rule 4:50-1(a) for mistake does not include trial errors from which relief must be sought either by direct appeal, a motion for a new trial, or a motion for judgment notwithstanding the verdict. See Hodgson v. Applegate, 31 N.J. 29, 35 (1959). The type of mistake entitled to relief under Rule 4:50-1(a) is one the parties could not have protected themselves from during trial. DEG, LLC v. Twp. of Fairfield, 198 N.J. 242, 263 (2009) (citation omitted). Excusable neglect under Rule 4:50-1(a) has been defined as excusable carelessness "attributable to an honest mistake that is compatible with due diligence or reasonable prudence." Deutsche Bank Nat'l Trust Co. v. Russo, 429 N.J. Super. 91, 98 (App. Div. 2012) (quoting Guillaume, supra, 209 N.J. at 468).

Defendants cannot use a Rule 4:50-1(a) motion to challenge the judge's factual findings, and they failed to show there was a mistake they could not have protected themselves from during trial as well as excusable neglect. Defendants filed an answer, asserted eleven affirmative defenses, appeared at trial, cross-examined plaintiff's witness, and entered documents into evidence to

dispute plaintiff's standing. Because defendants had a full opportunity to protect themselves during trial, their claim for relief under <u>Rule</u> 4:50-1(a) fails.

Relief pursuant to <u>Rule</u> 4:50-1(c) requires proof of "fraud, . . . misrepresentation, or other misconduct." There is no such proof here, and thus, defendants were not entitled to relief pursuant to subsection (c).

Defendants were also not entitled to relief pursuant to <u>Rule</u> 4:50-1(d) because, even if plaintiff lacked standing, the foreclosure judgment was "not 'void' within the meaning of" subsection (d). <u>Russo</u>, <u>supra</u>, 429 <u>N.J. Super.</u> at 101. The judgment is "voidable" unless the plaintiff has standing from either possession of the note or an assignment of the mortgage that predated the original complaint. <u>Angeles</u>, <u>supra</u>, 428 <u>N.J. Super.</u> at 319-20. A plaintiff need not actually possess the original note in order to have standing to file a foreclosure complaint. <u>Deutsche Bank Nat'l Trust Co. v. Mitchell</u>, 422 <u>N.J. Super.</u> 214, 255 (App. Div. 2011). A plaintiff can establish standing as an assignee if it presents an authenticated assignment of the note indicating that it was assigned the note before it filed the complaint. <u>Ibid.</u> Here, plaintiff had both possession of the original note and an assignment of the mortgage and note

that predated the complaint.  Accordingly, plaintiff had standing to file the complaint in this matter.

Lastly, relief pursuant to Rule 4:50-1(f), "is available only when 'truly exceptional circumstances are present.'"  Hous. Auth. of Morristown v. Little, 135 N.J. 274, 286 (1993) (quoting Baumann v. Marinaro, 95 N.J. 380, 395 (1984)).  "[I]n order to obtain relief under this subsection, the movant must ordinarily show that the circumstances are exceptional and that enforcement of the order or judgment would be unjust, oppressive or inequitable." Pressler & Verniero, Current N.J. Court Rules, comment 5.6.1 on R. 4:50-1 (2018).  "No categorization can be made of the situations which would warrant redress under subsection (f). . . . [T]he very essence of (f) is its capacity for relief in exceptional situations.  And in such exceptional cases its boundaries are as expansive as the need to achieve equity and justice." DEG, supra, 198 N.J. at 269-70 (alteration in original) (quoting Court Inv. Co. v. Perillo, 48 N.J. 334, 341 (1966)).  There are no exceptional circumstances in this case that warrant relief under subsection (f).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5540-15T1