AMERICAN COMMUNICATIONS ASSO-
CIATION, LOCAL 10, I.B.T., and Mor-
ton Cohen, Gus Protentis, Gabriel Melt-
zer, Mary Pinotti, Val Comforto, Robert
Cooney, Baird Jackson,

v.

RETIREMENT PLAN FOR EMPLOYEES
OF RCA CORPORATION and Subsidi-
ary Companies, RCA Corporation, RCA
Global Communications, Inc., RCA
American Communications, Inc., Glob-
com Systems Inc. and Morgan Guaranty
Trust Company of New York, the Chase
Manhattan Bank, N. A., Manufacturers
Hanover Trust Company, and Harris
Trust and Savings Bank, Individually
and as Trustees of the Retirement Plan
for Employees of RCA Corporation and
its Subsidiary Companies.

No. 79 Civ. 4107.

United States District Court,
S. D. New York.

Feb. 20, 1981.

Cohen, Weiss & Simon, New York City, for plaintiffs; Samuel J. Cohen, Jani K. Rachelson, New York City, of counsel.

Cahill, Gordon & Reindel, New York City, for defendants; Joel C. Balsam, New York City, of counsel.

EDWARD WEINFELD, District Judge.

Familiarity is assumed with this Court's opinion dismissing plaintiffs' claims brought under ERISA and which was affirmed by the Court of Appeals, 488 F.Supp. 479 (S.D. N.Y.1980), aff'd 646 F.2d 559 (2d Cir. 1980).

■ The prevailing defendants now move for an award of attorney's fees and costs against the plaintiffs, pursuant to § 502(g) of ERISA, 29 U.S.C. § 1132(g), which provides that "[i]n any action under this subchapter by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." The parties agree that a broad discretion is vested in the Court; indeed, that an award may be granted or denied in whole or in part, or assessed against some but not all of the parties, solely in the Court's discretion. The statute itself sets forth no criteria for invoking the Court's discretion. The legislative history of the Act furnishes no guidelines to the Court. The only statement with reference to attorney's fees in the legislative report parallels the statutory language. See [1974] U.S.Code Cong. & Ad.News 4639, 5107. Our Court of Appeals has simply noted that the provision "is discretionary not mandatory." *Fase v. Seafarers Welfare & Pension Plan*, 589 F.2d 112 (2d Cir. 1978).

Plaintiffs, seven employees who are participants in the Plan and a local union, the collective bargaining agent for the employees, resist an award of fees essentially upon two grounds: (1) that their action was commenced in good faith and (2) in effect, a plea *in misericordia*. The defendants do not attack the good faith of the plaintiffs in their challenge to the Plan, although they assert it was without legal substance. They urge that they were put to great expense in opposing the claims and that plaintiffs' claim that they are financially unable to pay the legal defenses incurred is immaterial.

The union is a local of 930 members with total assets as of December 31, 1980 of $32,967.22. It further asserts that its sole income is derived from membership dues with an average monthly income of $16,000 that is offset by necessary operating expenses; that of the seven individual plaintiffs, three receive retirement income pursuant to the Plan (which is not subject to payment for an award), 29 U.S.C. § 1056(d)(1), and four currently in the employ of a defendant earn hourly wages ranging from $9 to $12.

■ This Court is of the view a factor that may be considered under § 502(g) is the capacity of a party individually to pay an award of attorney's fees. Here, in the instance of the individual plaintiffs, there is no question that casting them in liability would be extremely burdensome; in fact, the sum requested, in excess of $25,000, would impose so heavy a debt that it might cause them to seek relief in the bankruptcy courts. While the Court is without precise information, it is likely that these individuals either were encouraged to commence or to join in this action by officials of their local union in furtherance of the interests of all the members. The individual plaintiffs, asserting the claims advanced in the complaint, could just as readily have been other members of the local and participants in the Plan. And it may be doubted that any individual plaintiff was advised that, in the event the action failed, he or she personally faced a potential liability for heavy legal fees and costs, in excess of annual earnings. Exercising its discretionary power, the Court denies the motion as to the individual plaintiffs.

■ The plaintiff-local union, however, is in a different position. It represents the

entire membership which comes under the Plan. The union bears responsibility for the commencement of this action as well as for the provision of the collective bargaining agreement upon which some of the claims were focused. Indeed, one claim was that the bonus and incentive payments allegedly in favor of a select minority of highly-paid executives constituted a diversion of the Plan in breach of the collective bargaining agreement with the RCA defendants; another claim advanced solely on behalf of the union alleged that by virtue of its duty to its members of fair representation, it had a duty to enforce the fiduciary obligations alleged to have been breached by the defendants. Its leadership and its counsel must have known that an unsuccessful action brought with it the prospect of an application by the prevailing party for an award of legal fees and costs. Moreover, as to the claim for lack of prudent management as to investments, plaintiffs, upon dismissal of this claim, were given leave to serve an amended complaint but failed to do so. This suggests a recognition of the lack of substance to the charge. Defendants were put to legal expense and an award of counsel's fees is justified. The issue, then, is the amount.

The movants request an award of $23,902 for attorney's fees and $1,745.12 for out-of-pocket disbursements, a total of $25,647.12, based upon an attorney's affidavit that his firm spent a total of 262.5 hours on the matter. No breakdown is submitted with respect to the hourly claim or the detailed statement as to the costs. Apart from the fact that if allowed as requested such an award would virtually bankrupt the union, the Court deems the sums requested as excessive. This Court, necessarily, has familiarity with the legal issues involved and the nature of the services required in the adequate representation of the clients' interests. The legal services rendered did not include pretrial discovery, preparation for trial or a trial. It involved a motion by defendants challenging the amended complaint upon the ground that it failed to state claims upon which relief can be granted. If the attorneys did spend the time stated then, in the Court's view, more time was given to this motion than was reasonably required in order adequately to protect their clients' interests. As this Court has previously noted,

> Undoubtedly, parties to a litigation may fashion it according to their purse and indulge themselves and their attorneys, but they may not foist their extravagances upon their unsuccessful adversaries. To sanction such a policy may result not only in harassing a litigant, but may even deprive him of his day in court, particularly where, as in the instant case, there is great disparity in the financial resources of the parties. Fear of imposition of astronomical costs should not be a deterrent against the assertion of legitimate disputes; nor should one who in good faith brings an action be penalized because he has failed to carry his burden of persuasion. *Farmer v. Arabian American Oil Co.*, 31 F.R.D. 191, 193 (S.D.N.Y. 1962), *rev'd*, 324 F.2d 359 (2d Cir. 1963), *rev'd*, 379 U.S. 227, 85 S.Ct. 411, 13 L.Ed.2d 248 (1964).

The Court upon a consideration of all pertinent factors determines $6,000 which is to include disbursements is fair and reasonable and is awarded to movants solely against plaintiff-union.

So ordered.