John COLUCCI, Plaintiff,

v.

The NEW YORK TIMES COMPANY, Defendant.

No. 80 Civ. 0049.

United States District Court,
S. D. New York.

March 10, 1982.

John R. Harold, Bronxville, N.Y., for plaintiff.

Cahill, Gordon & Reindel, New York City, for defendant; Joel C. Balsam, Jerome Sheinman, Abigail I. Petersen, New York City, of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

■ The defendant, The New York Times ("Times"), was the prevailing party in plaintiff's action which asserted against it claims of reverse sex discrimination and retaliation. The Times now moves pursuant to section 706(k) of Title VII [1] for attorneys' fees as part of the costs of the litigation. Familiarity is assumed with this Court's opinion dismissing the plaintiff's complaint on the merits, 533 F.Supp. 1005. The fact that plaintiff failed to sustain his claim does not necessarily mean the defendant is automatically entitled to such fees. [2] Fees may be granted only should the Court find the plaintiff's claims were "frivolous, unreasonable or groundless, or that plaintiff continued to litigate after [they] clearly became so." [3] Plaintiff's subjective good faith, or the absence thereof is not relevant to the issue of whether a fee award is warranted. [4]

■ Upon consideration of the entire record, the Court is satisfied that plaintiff's alleged claims were without a reasonable basis in fact. As to his discrimination charge, plaintiff admitted he never applied for the position after it was posted. He sought to overcome this basic defect by a claim that he had made an informal request for consideration several months before the position actually was open. However, as the Court noted, this clearly was no substitute for applying for the position when in fact it had been posted and became available. Moreover, even if plaintiff had properly and timely applied, the evidence was overwhelming (1) that he was not qualified for the position and (2) that the challenged appointment was made solely on the basis of legitimate and non-discriminatory reasons. In sum, plaintiff's charge was groundless of which he was well aware.

Even more lacking in substance and entirely without the slightest factual foundation was the retaliation claim. As noted in the Court's findings, the record abundantly established the defendant's concerned interest in plaintiff's welfare and its efforts to improve his qualifications and opportunities for promotion. Apart from this and other matters that left no room to doubt that plaintiff's retaliation claim was groundless, it was further negated by the defendant's appointment to a subsequent vacancy of plaintiff's co-worker who, like plaintiff, felt aggrieved because of non-appointment to the prior existing vacancy, following which the co-worker had also filed both a sex discrimination and retaliation charge. The Court is constrained to find that the defendant is entitled to an award of attorneys' fees, in order to achieve one of the purposes of section 706(k) of Title VII—to deter meritless civil rights suits and to protect defendants from burdensome litigation having no factual or legal basis. [5]

■ The assessment of fees must be fair and reasonable based upon the particular circumstances of the case. The factors to be considered in fixing the fee include the plaintiff's earning capacity, his financial resources and ability to pay the sum awarded; the relative financial status of the defend-

1. 42 U.S.C. § 2000e–5(k) (1981) states:

   In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person.

2. *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978); *Carrion v. Yeshiva University*, 535 F.2d 722, 727 (2d Cir. 1976).

3. *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978).

4. *Id.* at 421, 98 S.Ct. at 700.

5. *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 420, 98 S.Ct. 694, 699, 54 L.Ed.2d 648 (1978); *Prate v. Freedman*, 583 F.2d 42, 46 (2d Cir. 1978).

ant may also be taken into account—in sum, the equities of the situation are to be considered to assure that although the deterrent purpose of the statute is enforced, a losing party is not subjected to financial ruin.[6] As a practical matter, it would be an exercise in futility to calculate the fee by the "lodestar" and two-step procedure suggested by our Court of Appeals in *Cohen v. West Haven Board of Police Commissioners.*[7] It is evident that whatever sum is determined by that method, it would be far beyond any amount that could be justified upon an evaluation of the relevant factors referred to above. Plaintiff, who is still in the employ of the defendant, earned $19,000 in 1981. His dependents include his wife and two minor children. He avers, and it can hardly be challenged, that the living expenses for his family practically absorb his entire income. The defendant asserts it has no vindictive attitude toward plaintiff or any purpose to cause him or his family great hardship; nonetheless, it urges that it receive some fee to effectuate the purpose of the statute to deter meritless suits and to protect defendants from burdensome litigation.

The defendant calculates that its legal fees for pretrial, trial and post-trial services, based on a computation of hourly charges for services rendered by its trial counsel and two associates, totals $31,975 plus $1,200 for costs and disbursements, a grand total of $33,175. For the purposes of this motion, the Court does not pass upon the reasonableness of this sum since that amount or even a substantially reduced sum would be utterly beyond the plaintiff's financial means. Indeed, defendant's counsel, upon the argument of this motion, in response to the Court's inquiry agreed such a sum would be unrealistic and suggested that an award of $10,000 would be fair and reasonable. The Court does not agree. An award in that amount would be excessive and impose extreme hardship upon plaintiff and his family and either force him to file a petition in bankruptcy to discharge the debt or to accept a mortgage upon his annual income during the balance of his work and life expectancy.[8] After taking into account all pertinent factors, the Court fixes fees to be awarded to defendant in the sum of $1,500.

Defendant further moves pursuant to 28 U.S.C., section 1927 to assess a portion of their attorneys' fees against the attorney who represented the plaintiff upon the trial and for a period of time prior thereto. Section 1927 provides that a lawyer who multiplies the proceedings unreasonably and vexatiously may personally be assessed the excess costs, expenses and attorneys' fees reasonably incurred as a result.[9] The thrust of the section is to curb dilatory practices and the abuse of court processes by attorneys. The sanctions authorized under section 1927 are not to be lightly imposed; nor are they

---

6. *Cohen v. West Haven Bd. of Police Comm'rs,* 638 F.2d 496, 505 (2d Cir. 1980); *Faraci v. Hickey-Freeman Co.,* 607 F.2d 1025, 1028 (2d Cir. 1979); *American Communication Ass'n v. Retirement Plan for Employees of RCA Corp.,* 507 F.Supp. 922, 923 (S.D.N.Y.1981); *Woods v. State of New York,* 494 F.Supp. 201, 205 (S.D. N.Y.1980).

7. 638 F.2d 496, 505 (2d Cir. 1980) (which, unlike the instant case, involved determination of fees to a prevailing plaintiff where the policy considerations that govern the fee award differ from those applicable in the instance of a nonprevailing plaintiff). *See Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 418–19, 98 S.Ct. 694, 698–699, 54 L.Ed.2d 648 (1978); *see also Roadway Express, Inc. v. Piper,* 447 U.S. 752, 762, 100 S.Ct. 2455, 2462, 65 L.Ed.2d 488 (1980).

8. *Cf. American Communications Ass'n v. Retirement Plan for Employees of RCA Corp.,* 507 F.Supp. 922, 923 (S.D.N.Y.1981); *Woods v. State of New York,* 494 F.Supp. 201, 205 (S.D. N.Y.1980); *Kane v. City of New York,* 468 F.Supp. 586, 592 (S.D.N.Y.), *aff'd,* 614 F.2d 1288 (2d Cir. 1979); *Sek v. Bethlehem Steel Corp.,* 463 F.Supp. 144, 148 (E.D.Pa.1979).

9. 28 U.S.C. § 1927 (Supp.1981) reads as follows:

   Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

to be triggered because a lawyer vigorously and zealously pressed his client's interests. The power to assess the fees against an attorney should be exercised with restraint lest the prospect thereof chill the ardor of proper and forceful advocacy on behalf of his client. To justify the imposition of excess costs of litigation upon an attorney his conduct must be of an egregious nature, stamped by bad faith that is violative of recognized standards in the conduct of litigation. The section is directed against attorneys who willfully abuse judicial processes.[10]

Defendant seeks to invoke the sanctions against the plaintiff's attorney upon four specific charges: (1) that since the complaint failed to allege plaintiff had obtained a right to sue letter on his discrimination claim, the defendant was forced to make a motion to dismiss for lack of jurisdiction; (2) that plaintiff served a set of interrogatories that were largely and virtually copied from interrogatories propounded in two class action suits by women against the Times which required it to object thereto as irrelevant to the issues in the instant case; (3) that plaintiff's claim of retaliation with respect to a number of claimed positions imposed upon the defendant the burden to investigate potential witnesses on that issue in anticipation of plaintiff's introduction of evidence upon the trial and that since plaintiff at the trial failed to offer proof, the defendant was put to extra needless expense in its preparation to resist the issue; and (4) that a post-trial letter by plaintiff's counsel to the Court requesting a reopening of the trial to permit an offer of evidence which had been obtained after the close of the trial and after the Court had denied the plaintiff's motion for continuance to obtain such evidence required the defendant to extend time and resources in order to respond.

■ The Court finds that the claims advanced by the defendant do not justify the assessment of fees against the attorney whether considered singly or collectively. We consider each separately. The failure to obtain the right to sue letter was remedied soon after the defendant raised the issue. As to the interrogatories, plaintiff's trial counsel, who had not prepared the interrogatories and was brought into the case subsequent thereto, readily withdrew them. In this Court's view, he should be complimented rather than criticized for his ready acknowledgement of the overbreadth of the interrogatories that had been drafted by predecessor counsel. Next, as to the defendant's claim that it was put to additional expense because of plaintiff's failure to present at the trial proof to sustain his charge of retaliation, the Court finds it difficult to understand this claim. If mere failure of a party to sustain the allegations of his complaint is sufficient to establish that an attorney had thereby multiplied the proceeding "unreasonably and vexatiously," then in almost every instance of failure to submit proof to sustain a claim, section 1927 would automatically come into play. In any event, there is not the slightest basis for charging that the attorney's failure to present the proof required to sustain the retaliation charge was motivated by bad faith or in any way was violative of standard practice. Finally, the claim that because plaintiff's counsel addressed a communication to the Court to reopen the case in order to present proof that was lacking at the trial to which defendant responded by letter in opposition and thereby incurred additional expense is, in this Court's view, so lacking in substance as not to deserve the dignity of discussion. Motion to impose fees upon the plaintiff's attorney is denied.

So ordered.

---

10. *See Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766, 100 S.Ct. 2455, 2464, 65 L.Ed.2d 488 (1980); *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 258–59, 95 S.Ct. 1612, 1622, 44 L.Ed.2d 141 (1975); *Browning Debenture Holders Comm'n v. Dasa Corp.*, 560 F.2d 1078, 1088–89 (2d Cir. 1977); *United States v. Ross*, 535 F.2d 346, 349 (6th Cir. 1976); *West Virginia v. Chas. Pfizer & Co.*, 440 F.2d 1079, 1092 (2d Cir.), *cert. denied sub nom. Cotler Drugs, Inc. v. Chas. Pfizer & Co.*, 404 U.S. 871, 92 S.Ct. 81, 30 L.Ed.2d 115 (1977); *Kiefel v. Las Vegas Hacienda, Inc.*, 404 F.2d 1163, 1167 (7th Cir. 1968), *cert. denied sub nom. Hubbard v. Kiefel*, 395 U.S. 908, 89 S.Ct. 1750, 23 L.Ed.2d 221 (1969); *North American Foreign Trading Corp. v. Zale Corp.*, 83 F.R.D. 293, 297 (S.D.N.Y.1979).