Lillie SPENCE, Plaintiff,

v.

EASTERN AIRLINES, INC., Defendant.

No. 80 Civil 3563.

United States District Court,
S. D. New York.

Sept. 28, 1982.

Silvera, Brooks & Latimer, New York City, for plaintiff, Trevor L. Brooks, New York City, of counsel.

Bigham, Englar, Jones & Houston, New York City, for defendant, David C. Kraus, John MacCrate III, New York City, of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

 Plaintiff's action, which charged the defendant with racial discrimination in denying her a transfer from a flight attendant to a ground position, was dismissed at the close of her case and judgment in favor of defendant was duly entered. The defendant, as the prevailing party, now moves[1] for an award of attorneys' fees

---

1. The contention of plaintiff's attorney that this post judgment motion is governed by Rule

pursuant to 42 U.S.C., sections 1988 and 2000e–5(k). The standard to be applied in determining whether an award should be made is identical under both sections.[2] The fact that plaintiff failed to sustain her claims does not automatically entitle the defendant to such fees.[3] Fees may be granted to a prevailing party only upon a finding that the plaintiff's claims were "frivolous, unreasonable or groundless, or that plaintiff continued to litigate after [they] clearly became so." [4]

■ This Court has familiarity with the history of this litigation from its inception to its conclusion. Upon a consideration of the entire record, the Court is satisfied that plaintiff's asserted claims were not only groundless, but that the litigation was continued after it was manifest that it had no factual substance. Despite the availability of pretrial discovery procedures to support her claims, the plaintiff's presentation upon the trial was devoid of any evidential support for her claims. In fact, events antecedent to the commencement of this action made it abundantly clear that pursuit of the instant claims was groundless. Her discrimination claims were advanced despite the fact that she had failed to file a charge with the Equal Employment Opportunity Commission. Plaintiff and her attorney were aware that her employment at one time had been terminated only because of the failure to respond to requests by the defendant for medical information, and that her subsequent reinstatement without pay under an arbitrator's ruling was based on a grievance completely devoid of any claim of discrimination. Plaintiff's charge

of unlawful discrimination under the New York State Workers' Compensation Law (section 120) was disallowed by the hearing judge, who expressly found defendant did not violate the discrimination provision. Pretrial discovery failed to support her charge. In sum, there was not the slightest evidential basis to sustain her claims.

The purpose of the statute in permitting an award to a prevailing defendant is to deter meritless civil rights suits and to protect defendants from burdensome litigation having no factual or legal basis.[5] This was such a suit. The action was not only groundless but harassing.

■ Thus we reach the matter of fees to be awarded. In calculating a fair and reasonable fee, the particular circumstances of the case must be considered. These include:

> the plaintiff's earning capacity, ... financial resources and ability to pay the sum awarded; the relative financial status of the defendant may also be taken into account—in sum, the equities of the situation are to be considered to assure that although the deterrent purpose of the statute is enforced, a losing party is not subjected to financial ruin. As a practical matter, it would be an exercise in futility to calculate the fee by the "lodestar" and two-step procedure suggested by our Court of Appeals in *Cohen v. West Haven Board of Police Commissioners.*[6]

■ Plaintiff is still in the employ of the defendant as a flight attendant. While no precise information has been submitted as

---

59(e) of the Federal Rules of Civil Procedure and hence is not timely has explicitly been rejected by the Supreme Court. *White v. New Hampshire Dep't of Employment Sec.,* —— U.S. ——, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982).

2. *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 758 n.5, 100 S.Ct. 2455, 2460 n.5, 65 L.Ed.2d 488 (1980) (the sections "have the same substantive content.")

3. *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 422, 98 S.Ct. 694, 700–701, 54 L.Ed.2d 648 (1978); *Colucci v. New York Times Co.,* 533 F.Supp. 1011, 1012 (S.D.N.Y.1982).

4. *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 422, 98 S.Ct. 694, 700–701, 54 L.Ed.2d 648 (1978).

5. *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 420, 98 S.Ct. 694, 699–700, 54 L.Ed.2d 648 (1978); *Prate v. Freedman,* 583 F.2d 42, 46 (2d Cir. 1978); *Colucci v. New York Times Co.,* 533 F.Supp. 1011, 1012 (S.D.N.Y.1982).

6. *Colucci v. New York Times Co.,* 533 F.Supp. 1011, 1012–13 (S.D.N.Y.1982) (footnotes omitted).

to her earning capacity, it is likely within the area of $20,000 per annum. The defendant, one of the giant airlines of the world, alleges it incurred legal fees in excess of $26,000 in resisting plaintiff's action. While this may suit the purse of the defendant [7] (and on this application the Court does not pass upon whether that amount is a fair and reasonable charge to the defendant), it is utterly unrealistic and unreasonable as a charge against the plaintiff. To impose that or any other sum even approximating $26,000 would be tantamount to imposing an unwarranted financial burden upon plaintiff.

Upon a consideration of all pertinent factors, the Court awards to the defendant legal fees in the sum of $1,500.

So ordered.

7. *Farmer v. Arabian American Oil Co.,* 31 F.R.D. 191 (S.D.N.Y.1962), *rev'd,* 324 F.2d 359 (2d Cir. 1963), *rev'd,* 379 U.S. 227, 85 S.Ct. 411, 13 L.Ed.2d 248 (1964).