**Stacy DEE, Plaintiff,**

v.

**INSTITUTIONAL NETWORKS CORPORATION and Jerome M. Pustilnik, Defendants.**

**No. 80 Civ. 3325(JMC).**

United States District Court, S.D. New York.

March 21, 1983.

Vladeck, Waldman, Elias & Engelhard, New York City (Judith P. Vladeck and Andrew Schulz, New York City, of counsel), for plaintiff.

Tenzer, Greenblatt, Fallon & Kaplan, New York City (Stacy Wallach, New York City, of counsel), for defendants.

MEMORANDUM AND ORDER

CANNELLA, District Judge:

Plaintiff's motion for a new trial, 28 U.S.C. § 455(a) and defendants' cross-motion for an award of attorney's fees, 42 U.S.C. § 2000e–5, are denied.

## FACTS

In an Opinion dated September 10, 1982, the Court found that plaintiff had not established her claim that she was unlawfully terminated by defendant Institutional Networks Corporation ["Instinet"] because of her sex. The Court directed the parties to submit memoranda and appropriate affidavits on the question of defendants' application for attorney's fees. In opposition to defendants' application, plaintiff's new counsel moves first, for recusal and a new trial, contending that several actions taken by plaintiff's former counsel unduly prejudiced the Court, thereby making a fair trial for plaintiff impossible; and second, if a new trial is not granted, plaintiff requests that the Court recuse itself from deciding defendants' application for attorney's fees. Alternatively, plaintiff argues that her claim was not frivolous, baseless or meritless, thus making an award of attorney's fees inappropriate.

Plaintiff asserts that the Court's impartiality can reasonably be questioned because on more than one occasion, plaintiff's former counsel communicated to the Court that he recommended to plaintiff that she voluntarily discontinue her action.[1] Plaintiff argues that several statements and rulings made by the Court during the course of trial evidence bias and a predisposition by the Court to rule against plaintiff. For example, plaintiff contends that: (1) the Court's statement made at the outset of trial warning plaintiff about the possibility

---

1. Plaintiff's former counsel first informed the Court that he recommended that plaintiff voluntarily discontinue her action in a discovery status report. See Affidavit of Stacy Dee, Exhibit A (filed Jan. 7, 1983) [hereinafter "Dee Affidavit"]. Plaintiff's former counsel reiterated this recommendation in other letters to the Court. Id. Finally, after plaintiff's former counsel requested to be relieved as counsel, the Court addressed both plaintiff and her former attorney in open court. At this time, plaintiff did not voice any objection to the Court concerning the manner in which her lawyer was representing her.

of an award of attorney's fees against her, (2) the Court's use of William J. Ehrhardt's and Gail Sheeger's deposition testimony and (3) the Court's limiting the cross-examination of defendant Jerome M. Pustilnik clearly indicate that plaintiff's former counsel's disclosures infected the Court's thinking with respect to the merits of plaintiff's claims.

In response, defendants argue that the Court acted properly in making the aforementioned rulings. In addition, defendants claim that plaintiff failed to establish an "extrajudicial" source for the Court's alleged bias. Finally, defendants assert that information disclosed to plaintiff soon after she commenced this action established that her claims were meritless and that plaintiff, in bad faith, persisted in prosecuting her suit. Relying on *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978) ["*Christiansburg*"], defendants, therefore, seek an award of attorney's fees. Because of the nature of her claims, the Court must address plaintiff's recusal motion before turning to the merits of defendants' fee application.

## DISCUSSION

To grant plaintiff's recusal motion,[2] the Court must be convinced that "facts have been presented, assuming their truth, that would lead a reasonable person to infer that bias or prejudice existed, thereby foreclosing impartiality of judgment." *Markus v. · United States,* 545 F.Supp. 998, 1000 (S.D.N.Y.1982). Moreover, bias requiring recusal must be extrajudicial in nature and not based on in-court rulings. *In re International Business Machines Corp.,* 618 F.2d 923, 929 (2d Cir.1980); *see also Ma v. Community Bank,* 686 F.2d 459 (7th Cir.1982). There is a sound reason for this rule. If a judge's impartiality could be called into question based on judicial rulings made during the course of trial, then "there would be almost no limit to disqualification motions and the way would be opened for 'judge shopping,' a practice which has been for the most part universally condemned. Certainly every ruling on an arguable point during a proceeding may give 'the appearance of' partiality, in the broadest sense of those terms, to one party or the other." *Lazofsky v. Sommerset Bus Co.,* 389 F.Supp. 1041, 1044 (E.D.N.Y.1972).

Plaintiff contends that the Court's bias is extrajudicial because her former counsel made known to the Court facts inadmissible at trial. Specifically, plaintiff claims that her former counsel disclosed settlement negotiations and privileged communications between attorney and client to the Court.

2. Plaintiff's recusal motion is made pursuant to 28 U.S.C. § 455(a) which provides: "Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Although it has accepted as true plaintiff's claims that her former counsel made it known on more than one occasion that he believed that plaintiff should discontinue her case, the Court does not have to accept plaintiff's opinion as to the credibility of defendants' witnesses or evidence. *See, e.g.,* Dee Affidavit, ¶¶ 13, 21, 26. The instant motion clearly must be based on facts not opinions or conjecture. *See United States v. Corr,* 434 F.Supp. 408, 413 (S.D.N.Y.1977).

With respect to plaintiff's specific claims of trial error, the Court notes that its Opinion is not inconsistent with the teachings of *Powell v. Syracuse University,* 580 F.2d 1150, 1155 (2d Cir.), *cert. denied,* 439 U.S. 984, 99 S.Ct. 576, 58 L.Ed.2d 656 (1978). In its Opinion, the Court found "that when Instinet became a public corporation in the spring of 1979, plaintiff's duties and responsibilities increased markedly. The evidence also established that plaintiff was not capable of performing these duties satisfactorily." Opinion, 80 Civ. 3325 (JMC) at 5 (S.D. N.Y. Sept. 10, 1982) [hereinafter "Opinion"]. Thus, the Court's ruling was not based on a comparison of the qualifications of plaintiff and her successor, but rather on plaintiff's failure to establish that she "possesse[d] the basic skills necessary for the performance of her job." *Powell v. Syracuse University, supra,* 580 F.2d at 1155. Similarly, plaintiff's present counsel's claim that defendants' proffered explanations were "pretextual," is nothing more than an attempt to relitigate questions previously decided by the Court. At trial, plaintiff's former counsel ably tried to impeach Pustilnik's testimony in several areas—including the questions of notice and severance pay. The Court found Pustilnik's testimony credible and rejected plaintiff's arguments. Nothing presented in the instant motions convinces the Court to alter its decision.

■ While the Court agrees with plaintiff that the information in her former counsel's letters and statements to the Court would not have been admissible for the truth thereof, the Court cannot agree that these statements were "extrajudicial." *See United States v. Covens,* 662 F.2d 162, 168–69 (2d Cir.1981); *United States v. King,* 576 F.2d 432, 437 (2d Cir.1978). To be extrajudicial, the alleged bias must result from the personal experiences of the judge. *See In re International Business Machines Corp., supra,* 618 F.2d at 929. When a trial judge personally vouches for the credibility of a witness, *Roberts v. Bailar,* 625 F.2d 125 (6th Cir.1980), or states that he would not believe any witnesses called by a particular party, *Nicodemus v. Chrysler Corp.,* 596 F.2d 152 (6th Cir.1979), recusal is appropriate. In the instant action, however, all the facts that form the basis of plaintiff's recusal motion became known to the Court while it was supervising pretrial discovery. *See Savitz v. G.D. Searle & Co.,* 94 F.R.D. 669, 669–70 & n. 1 (E.D.N.Y.1982). Carrying plaintiff's motion to its logical extreme, any time a judge in a nonjury case ruled on the admissibility of alleged settlement negotiations, he would be subject to a recusal motion. A result which the Court finds anomalous.

■ All of the Court's rulings were made on the basis of the evidence adduced at trial and not because of some bias or prejudice. Plaintiff's argument that the Court credited the testimony of Pustilnik because of some inherent bias against plaintiff is erroneous for several reasons. *First,* while the Court recognizes that Pustilnik is interested in the outcome of this litigation, plaintiff's interest cannot be disregarded. *Second,* the Court after observing the demeanor of both plaintiff and Pustilnik on the witness stand concluded that for the most part, Pustilnik was more believable than plaintiff. On several occasions, plaintiff testified in an evasive, hostile manner; thus, leaving the Court with an adverse impression as to her credibility.[3] Although the Court would not characterize Pustilnik as a model witness, his testimony on the whole was more believable than plaintiff's. Merely because the Court credited Pustilnik's testimony does not mean that the Court was biased against plaintiff. As Judge Frank aptly stated: "Impartiality is not gullibility. Disinterestedness does not mean child-like innocence. If the judge did not form judgments of the actors in those courthouse dramas called trials he could never render decisions." *In re J.P. Linahan, Inc.,* 138 F.2d 650, 654 (2d Cir.1943).

With respect to her claim that statements made by the Court require recusal, plaintiff has failed to present sufficient facts that would allow a reasonable person to infer bias or prejudice. After reading defendants' trial memorandum before trial, it became clear to the Court that, if successful, defendants would vigorously pursue their claim for attorney's fees. Thus, at the outset of trial, the Court wanted to ensure that plaintiff was aware that she faced the possibility of an award against her of approximately $11,000. The Court raised this question not because it was biased against her, but rather to be sure that plaintiff was cognizant of all the possible consequences of trial. Indeed, other statements made during the course of trial and not addressed by plaintiff, further establish that the Court was not predisposed to rule against plaintiff.[4]

With respect to the Court's use of the deposition testimony of Sheeger and Ehrhardt, neither of these rulings require recusal. *See United States v. Grinnell Corp.,* 384 U.S. 563, 583, 86 S.Ct. 1698, 1710, 16 L.Ed.2d 778 (1966). First, plaintiff's claim that the Court improperly relied on Ehrhardt's deposition is wrong. The portion of Ehrhardt's deposition to which the Court referred in its Opinion was read into the record by plaintiff's former counsel during

---

3. *See, e.g.,* Transcript of Trial at 12–14, 31–32, 36–39 [hereinafter "Tr."]. *See also* note 6 *infra.*

4. Tr. at 74.

his cross-examination of Pustilnik.[5] Second, defendants' use of Sheeger's deposition was proper. The Federal Rules of Civil Procedure clearly permit the use of deposition testimony when a "witness is unable to attend or testify [at trial] because of age, illness, infirmity, or imprisonment." Fed.R. Civ.P. 32(a)(3)(C). Thus, when it was informed by defendants' counsel that Sheeger was unavailable because she had just given birth, the Court decided to admit Sheeger's deposition. The Court's decision to allow defendants and plaintiff to use Sheeger's deposition was reinforced by the fact that both sides had ample opportunity to question Sheeger. Similarly, the Court's decision to credit this testimony was not the result of bias. After Sheeger's deposition was read, plaintiff took the stand attempting to refute Sheeger's testimony that she found it difficult to work with plaintiff. Plaintiff's testimony in this area, was clearly equivocal.[6] Accordingly, the Court decided to credit Sheeger's testimony. Finally, the Court limited cross-examination of Pustilnik not because of bias, but rather, the Court exercised its discretion after recognizing that Pustilnik's testimony on the nomenclature of accounting methods was less than certain.

■ Turning to defendants' application for attorney's fees, the law is clear: An award of attorney's fees to a successful defendant is proper "only where the action brought is found to be unreasonable, frivolous, meritless or vexatious." Christiansburg, supra, 434 U.S. at 421, 98 S.Ct. at 700 (quoting Carrion v. Yeshiva University, 535 F.2d 722, 727 (2d Cir.1976)). Moreover, while not dispositive, a finding that plaintiff pursued her claims in "bad faith," pro-

vides a strong basis for making an award to defendants. See Christiansburg, supra, 434 U.S. at 423, 98 S.Ct. at 701; Faraci v. Hickey-Freeman Co., 607 F.2d 1025, 1029 (2d Cir.1979).

■ The instant action differs from cases in which awards of attorney's fees have been made to defendants because at the time this action was filed, plaintiff apparently had a viable claim. See, e.g., Prate v. Freedman, 583 F.2d 42 (2d Cir.1978) (plaintiff's actions clearly improper at the time it was filed); Colucci v. New York Times Co., 533 F.Supp. 1011 (S.D.N.Y.1982) (plaintiff never applied for position after it was posted). Defendants argue, however, that an award of attorney's fees is appropriate because it became obvious during discovery that plaintiff could not establish her claims at trial. See Spence v. Eastern Airlines, Inc., 547 F.Supp. 204 (S.D.N.Y.1982).[7] For the reasons set forth below, the Court disagrees with defendants.

First, with respect to defendants' contention that plaintiff knew before trial that defendants' accountants recommended or concurred in Pustilnik's decision to remove plaintiff, the facts made known to plaintiff did not conclusively establish defendants' assertion. Implicit in the memoranda written by Ehrhardt is the statement that plaintiff was not doing her job properly. In addition, the letter written by Ehrhardt after plaintiff commenced this action did not have to be accepted without question by plaintiff. Moreover, the excerpts of Instinet's Board of Directors meetings do not conclusively establish that plaintiff's claims were groundless. While the Court ultimately accepted defendants' contentions af-

5. Id. at 90–93. Pages 19 through 21 of Ehrhardt's deposition were read into the record at trial. In its Opinion, however, the Court referred to pages 17 through 21 and 44 of the deposition. Opinion at 8 n. 10. The Court relied on the three additional pages in the interests of completeness. Fed.R.Civ.P. 32(a)(4).

6. Plaintiff qualified her two responses in this area with the phrases "to my knowledge" and "as far as my knowledge." Tr. at 118–19. Such language was not used by plaintiff elsewhere in her testimony. Moreover, in one of

her answers, plaintiff begrudgingly admitted that when she first worked at Instinet she did work with Sheeger on billing matters. Id. at 118.

7. Spence v. Eastern Airlines, Inc., supra, is distinguishable for two reasons. First, unlike Spence, plaintiff did file a complaint with the Equal Employment Opportunity Commission. Second, unlike Spence, plaintiff's trial presentation was not totally devoid of evidentiary support.

ter hearing the witnesses and examining the evidence, the Court cannot say that plaintiff did not have a reasonable ground for maintaining this suit. Similarly, plaintiff's decision to question defendants' actions concerning other female employees cannot be considered meritless. Mindful of its obligation to avoid "engaging in post hoc reasoning," *Christiansburg, supra,* 434 U.S. at 422, 98 S.Ct. at 700, the Court finds that plaintiff's claims were not meritless at the time she commenced this action and that her continued prosecution of these claims cannot be considered frivolous. Moreover, while the Court obviously disagrees with plaintiff, the Court is not willing to characterize plaintiff's actions as malicious or vexatious.

## CONCLUSION

In accordance with the foregoing, plaintiff's motion for recusal and a new trial are denied. 28 U.S.C. § 455(a); Fed.R.Civ.P. 59. Defendants' application for attorney's fees also is denied. 42 U.S.C. § 2000e–5(k).

The Clerk of the Court is directed to prepare and enter Judgment dismissing the Complaint.

SO ORDERED.