**SHELDON COMPANY PROFIT SHARING PLAN AND TRUST, et al., Plaintiffs,**

v.

**Michael K. SMITH, et al., Defendants.**

**No. 1:92–CV–189.**

United States District Court,
W.D. Michigan, S.D.

Jan. 28, 1994.

Peter W. Steketee, Peter N. Rigas, Grand Rapids, MI, for plaintiffs.

Grant J. Gruel, Gruel, Mills, Nims & Pylman, William C. Reens, Borre, Peterson, Fowler & Reens, PC, Grand Rapids, MI, Bradley J. Schram, Dana Donohue, Gary M. Saretsky, Hertz, Schram & Saretsky, PC, Bloomfield Hills, MI, Boyd A. Henderson, Gordon J. Quist, James R. Peterson, Miller, Johnson, Snell & Cummiskey, D. Scott Stuart, Farr & Oosterhouse, Thomas M. Weibel, Smith, Haughey, Rice & Roegge, PC, Grand Rapids, MI, for defendants.

## OPINION RE MOTION FOR ATTORNEY FEES AND COSTS

HILLMAN, Senior District Judge.

This case arose from the admitted embezzlement of $185,000 from plaintiffs' ERISA funds by Michael Smith, a former partner of Dolinka, Smith & VanNoord ("DSV"). Smith was criminally charged, convicted and sentenced. On July 2, 1993, on motion the court dismissed defendants Baird, Oppenheimer and Sheldon Altman, 828 F.Supp. 1262. Thereafter, following a bench trial, the court awarded damages to plaintiffs against defendants in the amount of $539,012.00. The judgment has subsequently been amended to include pre-judgment interest in the amount of $16,214.66, calculated from May 31, 1993, to December 1, 1993, the date of judgment.

Plaintiffs now petition for an award of attorney fees and costs pursuant to 29 U.S.C. § 1132(g)(1). This section of ERISA provides that, "In any action under this subchapter ... the court in its discretion may allow a reasonable attorney's fee and costs of action to either party."

To begin with, it should be noted, the case was very ably presented by Mr. Steketee and Mr. Rigas. Plaintiffs prevailed on most of their major claims. In addition, I agree the case involved difficult and complex factual and legal matters. And, finally, I am thoroughly familiar with the excellent reputation of both Mr. Steketee and Mr. Rigas in the Grand Rapids legal community. I am satisfied that the hourly rates charged by them, as well as the time spent on this case, were fair and reasonable and well within the standards for senior, highly-respected, experienced attorneys in the Grand Rapids area.

The issue, however, is whether or not attorney fees and costs incurred in this case by plaintiffs should be charged against the defendants. Although the ERISA statute (contrary to the "American Rule") permits the awarding of attorney fees to appropriate parties, the statute does not indicate when courts should make these awards. Furthermore, "the legislative history of the Act furnishes no guidelines." *American Communication Association, et al. v. Retirement Plan for Employees of RCA Corporation, et al.,* 507 F.Supp. 922, 923 (S.D.N.Y.1981). The Sixth Circuit, however, has laid down rather specific guidelines dealing with fee shifting under ERISA. *See Armistead v. Vernitron Corp.,* 944 F.2d 1287 (6th Cir.1991).

These factors are set forth in detail in *Secretary of the Department of Labor v. King,* 775 F.2d 666, 669 (6th Cir.1985). Although, as the Sixth Circuit has pointed out, the five factors, frequently referred to as the *King* factors, have been criticized, nevertheless, those factors which include "many of the traditional reasons for awarding fees, are as good a place as any to begin the development of a common law of fee shifting under ERISA." Those factors are:

(1) the degree of opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorney fees; (3) the deterrent effect of an award on other persons under similar circumstances; (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolved significant legal questions

regarding ERISA; and (5) the relative merits of the party's position.

775 F.2d 666, 669 (6th Cir.1985).

■ Applying these factors to the case at hand, it is readily apparent that no fees or costs should be awarded. First, no evidence exists in this case of bad faith on the part of any of the defendants other than the perpetrator of the fraud itself, Michael Smith. One can argue that the defendants failed perhaps to properly police or monitor the conduct of Michael Smith, or to more carefully supervise his investment activities. But such criticism is a far cry from a finding of bad faith and I find none on any partner other than Michael Smith. The other *King* factors can be disposed of in short order. The court has no information as to the financial ability of defendants to pay an additional $238,044 in fees and costs, but I note that the judgment itself is very substantial and I can only assume a judgment of that size against a relatively small, local accounting firm would unquestionably create a long-term, substantial financial burden. Likewise, fee shifting in a private suit such as this with little, if any, attending publicity, could hardly constitute a deterrent to "other persons under similar circumstances." In addition, of course, this case involved highly unusual and certainly unexpected circumstances which provide little, if any, precedent to others.

■ The fourth *King* factor, as interpreted by the Sixth Circuit, directs this court's attention to the question of whether plaintiffs could have been in a financial position to have brought this lawsuit in the absence of the prospects of fee shifting. This, in my judgment, is the single most important factor in weighing fee shifting. Here plaintiffs did, in fact, have adequate funds to finance this litigation and, in fact, paid all counsel fees and expenses on a current basis without any regard to or any hope or expectation of ultimate fee shifting. A contingent fee was not involved. In no way could plaintiffs in this case be categorized as private attorneys general. Beyond question, a reasonable plaintiff in the position of the plans in this case would have brought this suit if no fee award was possible. The amount of the recovery could have been anticipated to be far in excess of the costs. On the other hand, in suits where the fees greatly exceed the damages, a different result might well be expected. In other words, in ERISA cases, a plaintiff's request for fee shifting makes imminent good sense and perhaps should be granted unless the damage award substantially exceeds the attorney fees. Such is not the case here. Plaintiffs are not "a weak class" which could not afford to bring suit.

In conclusion, I am satisfied that defendants (other than Michael Smith) are not guilty of bad faith; there is no proof of defendants' ability to satisfy an award of attorney fees and costs; I find no evidence that fee shifting in this case would act as a deterrent to others, and clearly no evidence exists "that this suit could not have been brought but for the prospect of fee-shifting, or that the costs of the case are so burdensome that the value of their recovery is taken from them." *Armistead,* 944 F.2d at 1305.

For the reasons stated, plaintiffs' motion for attorney fees is denied. Each party shall pay its own costs.