**Robert N. COHEN, Plaintiff,**

v.

**Manuel B. OASIN, Defendant.**

**No. 93–CV–6301.**

United States District Court,
E.D. Pennsylvania.

Sept. 7, 1994.

---

See also 844 F.Supp. 1065.

Dennis L. Friedman, Philadelphia, PA, for plaintiff.

David R. Hoffman, U.S. Attorney's Office, Philadelphia, PA, for defendant.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

This civil matter has been brought before the Court by motion of the defendant, Manuel B. Oasin, who seeks dismissal of the action pursuant to Fed.R.Civ.P. 12(b)(6). In addition, Mr. Oasin has moved to recover costs and attorneys' fees from both the plaintiff and his attorney pursuant to the Court's inherent power and the federal cost statute, 28 U.S.C. § 1927 (1994). For the reasons that follow, the defendant's motion to dismiss is granted, while the defendant's motion for costs and attorneys' fees is denied.

## I. HISTORY OF THE CASE

The plaintiff in this action is Richard N. Cohen, a former employee of the General Services Administration (GSA) who worked

as a GS–12 contract specialist from 1987 until 1989. Mr. Cohen was denied a within-grade increase in 1988 and his employment was terminated by GSA in 1989. Following his termination, Mr. Cohen filed an unsuccessful administrative appeal with the United States Merit Systems Protection Board (MSPB), challenging the validity of both the within-grade increase denial and the termination of his employment.

Throughout the course of the MSPB proceedings, GSA was represented by the defendant, Mr. Oasin, who served as regional counsel for GSA in the mid-Atlantic region. Mr. Cohen has alleged that Mr. Oasin made intentional misrepresentations to the administrative tribunal regarding Mr. Cohen's professional fitness. Furthermore, Mr. Cohen has asserted that Mr. Oasin willfully withheld and destroyed evidence that would have shown Mr. Cohen to be the object of disparate treatment and the victim of religious discrimination. The gravamen of Mr. Cohen's complaint is that the MSPB ruled against Mr. Cohen on the issues of religious discrimination and disparate treatment as a result of Mr. Oasin's alleged misdeeds.

Mr. Oasin has moved to dismiss the complaint, arguing that he is absolutely immune from this lawsuit. Mr. Cohen counters that Mr. Oasin enjoys, at most, only a qualified immunity, and is therefore not immune from the lawsuit.

Mr. Oasin has also moved to recover costs and attorneys' fees pursuant to 28 U.S.C. § 1927 and the inherent powers of the Court. Mr. Cohen's response to Mr. Oasin's motion to dismiss included a cross-motion to show cause why Mr. Oasin should not be disciplined under Local Rule of the United States District Court for the Eastern District of Pennsylvania 14 (hereinafter "Local Rule 14"). Local Rule 14 provides a set of disciplinary rules under which a court may "supervise the conduct of attorneys who are admitted to practice before it, or admitted for the purpose of a particular proceeding (pro hac vice)." Local Rule 14. But since Mr. Oasin was neither admitted to practice law before this Court nor admitted pro hac vice, he was not subject to the disciplinary rules promulgated under Local Rule 14. Mr.

Cohen has since withdrawn his motion to show cause.

Mr. Oasin has now brought this motion for costs and attorneys' fees, arguing that both Mr. Cohen and his lawyer, Mr. Friedman, acted in bad faith in filing the motion to show cause. Mr. Oasin further contends that Messrs. Cohen and Friedman have engaged in abusive behavior throughout the course of the litigation. Mr. Cohen responds by stating that he reasonably believed that Mr. Oasin was subject to Local Rule 14. Moreover, Mr. Cohen argues that his general conduct has not been oppressive.

## II.  DISCUSSION

### A.  MOTION TO DISMISS

#### 1.  Standards Applicable to a Rule 12(b)(6) Motion to Dismiss

In considering a motion to dismiss pursuant to Rule 12(b)(6), the complaint's allegations must be construed favorably to the pleader. The court must accept as true all of the plaintiff's factual allegations and draw from them all reasonable inferences. *Schrob v. Catterson,* 948 F.2d 1402, 1405 (3d Cir.1991) (citations omitted). Thus, the court will grant a Rule 12(b)(6) motion only if there are no set of facts under which the nonmoving party can prevail. *Markowitz v. Northeast Land Co.,* 906 F.2d 100, 103 (3d Cir.1990). Further, a complaint may be dismissed pursuant to Rule 12(b)(6) where the defendant contends that under the facts alleged he is entitled to immunity, even though immunity is generally characterized as an affirmative defense. *Jordan v. Fox, Rothschild, O'Brien & Frankel,* 787 F.Supp. 471, 480 (E.D.Pa.1992).

#### 2.  Immunity

The United States Supreme Court has recognized two types of immunity which serve to insulate public officials from civil liability for actions taken in their official capacity. The more prevalent of the two is qualified immunity, which operates to protect public officials from damages liability as long as their actions do not violate a plaintiff's constitutional or statutory rights. *Buckley v. Fitzsimmons,* —— U.S. ——, ——, 113 S.Ct.

2606, 2613, 125 L.Ed.2d 209 (1993), *citing Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). Accordingly, "[i]n most cases, qualified immunity is sufficient to 'protect officials who are required to exercise their discretion and the related public interest in encouraging the vigorous exercise of official authority.'" *Id.,* quoting *Butz v. Economou,* 438 U.S. 478, 506, 98 S.Ct. 2894, 2910, 57 L.Ed.2d 895 (1978).

■ The Supreme Court has recognized, however, that certain public functions are entitled to an absolute protection from civil damages in accordance with common-law tradition. *Id.* One such function is that of the agency attorney who arranges for the presentation of evidence before an administrative tribunal. *See Butz,* 438 U.S. at 512–14, 98 S.Ct. at 2913–15. In *Butz,* the Court concluded that an agency official who performed functions analogous to those performed by a prosecutor was entitled to claim an absolute immunity from civil liability. *Butz,* 438 U.S. at 515, 98 S.Ct. at 2915. The Court reasoned that an agency attorney, like a prosecutor, might be reluctant to present evidence "[i]f agency attorneys were held personally liable in damages as guarantors of their evidence." *Id.* at 517, 98 S.Ct. at 2916. Accordingly, the Court held that an agency attorney who presents evidence before an administrative tribunal is entitled to an absolute immunity from civil suit analogous to that enjoyed by a prosecutor. *Id.; see Schrob,* 948 F.2d at 1411 ("[A]bsolute immunity is extended to officials when their duties are functionally analogous to those of a prosecutor's [sic], regardless of whether those duties are preformed in the course of a civil or criminal action.").

■ The question of whether a public official is entitled to qualified or absolute immunity is determined by the application of a "functional approach," which examines "'the nature of the function performed, not the identity of the actor who performed it.'" *Buckley,* —— U.S. at ——, 113 S.Ct. at 2613, quoting *Forrester v. White,* 484 U.S. 219, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988); *Schrob,* 948 F.2d at 1409 (citations omitted). By applying a functional analysis, therefore, a court may conclude that some prosecutorial functions are absolutely protected, while others carry only a qualified immunity. *Kulwicki v. Dawson,* 969 F.2d 1454, 1465 (3d Cir.1992). Accordingly, only those prosecutorial activities which may be characterized as "quasi-judicial" carry an absolute immunity. By contrast, the prosecutor enjoys only a qualified immunity with respect to those activities that are administrative or investigative in nature. *Id.*

■ Prior decisions help to more clearly delineate the distinction between the quasi-judicial and investigatory roles of the prosecutor. For example, the decisions make clear that the public official enjoys an absolute immunity for those activities associated with the preparation and presentation of the Government's case at an adjudicative proceeding. *Buckley,* —— U.S. at ——, 113 S.Ct. at 2618; *see Imbler v. Pachtman,* 424 U.S. 409, 430, 96 S.Ct. 984, 995, 47 L.Ed.2d 128 (1976) (holding prosecutor absolutely immune for conduct "intimately associated with the judicial phase of the criminal proceedings"); *Kulwicki,* 969 F.2d at 1464–65 (absolute immunity extends to initiation of prosecution, preparatory functions including obtaining and reviewing of evidence, and prosecutor's in-court advocacy). Indeed, absolute immunity applies even where professional misconduct is alleged. In *Schrob,* for example, the Third Circuit Court of Appeals held a prosecutor's false statements to a judge were absolutely immune. *Schrob,* 948 F.2d at 1417. And in *Imbler,* the Supreme Court held that a prosecutor was entitled to immunity even though the plaintiff had alleged that the prosecutor had knowingly elicited perjurious testimony, withheld exculpatory evidence, and altered evidence to inculpate the plaintiff. *Imbler,* 424 U.S. at 416, 96 S.Ct. at 988. The *Imbler* Court specifically rejected the notion that a prosecutor should have only a qualified immunity if he fails to provide the defense with exculpatory evidence. *Id.* at 431 n. 34, 96 S.Ct. at 996 n. 34.

■ In the case before the Court, Mr. Cohen alleges that the defendant made false statements to the tribunal and withheld and destroyed other evidence helpful to the plain-

tiff. The complaint indicates that the alleged false statements were made during the course of the presentation of the Government's case and in the form of proposed findings of fact submitted to the tribunal. Similarly, the alleged withholding and destruction of evidence occurred during the course of Mr. Oasin's representation of the Government in the underlying administrative action. The holding in *Imbler* brings such conduct within the scope of absolute prosecutorial immunity. As a result, the alleged misdeeds for which Mr. Cohen seeks relief are quasi-judicial in nature and therefore afford Mr. Oasin with an absolute immunity from this lawsuit.

Mr. Cohen contends that Mr. Oasin is entitled, at most, to qualified immunity. The plaintiff argues that since Mr. Oasin argued certain facts for which there was no evidentiary support, he exceeded the bounds of his role as an advocate and became, in effect, a witness. To support his contention, Mr. Cohen cites *Kohl v. Casson*, 5 F.3d 1141 (8th Cir.1993), which helps to define the limits of absolute immunity with respect to the prosecutorial function: "where the prosecutor switches functions from presenting the testimony of others to vouching, of his own accord, for the truth of the affidavits presented to the judicial officer, the prosecutor loses the protection of absolute immunity and enjoys only qualified immunity." *Id.* at 1146 (citing *Malley v. Briggs*, 475 U.S. 335, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986)).

The plaintiff's reliance on *Kohl* is misplaced, as *Kohl* is inapplicable to the case at hand. *Kohl* involved a prosecutor's loss of absolute immunity as a result of his vouching for the truth of an affidavit. Mr. Oasin, on the other hand, did not vouch for the veracity of the evidence presented; he merely argued a favorable interpretation of the facts to the fact finder. In so doing, Mr. Oasin acted not as a witness, but decidedly as an advocate, and he is therefore entitled to absolute immunity. Because Mr. Oasin is immune from this lawsuit, his motion to dismiss must be granted.

### B. *MOTION FOR COSTS AND ATTORNEYS' FEES*

Pursuant to the inherent power of the federal district court and the federal cost statute, the defendant asserts an entitlement to costs and attorneys' fees on two grounds. First, the defendant argues that this Court should order the plaintiff and his counsel to pay costs and attorneys' fees because the plaintiff's motion to show cause was filed in bad faith and for vexatious purposes. Second, the defendant contends that the plaintiff's attorney should pay costs and attorneys' fees because the plaintiff's attorney has engaged in an unreasonable and oppressive pattern of conduct over the course of the litigation.

### 1. *Scope of the District Court's Power*

The power to assess attorneys' fees and costs against attorneys and parties who abuse the judicial process is well within the discretion of the district court. Thus, this Court may award attorneys' fees to the prevailing party if the opposing party "has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Ford v. Temple Hosp.*, 790 F.2d 342, 346 (3d Cir.1986) (citations omitted). In addition, the federal courts have been statutorily empowered to assess attorneys' fees and costs against an offending attorney. The federal cost statute provides that an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927 (1994). The power to assess costs and fees is exercised in only limited circumstances. Generally, the circumstances must reveal that the wrongdoing attorney has knowingly advanced a groundless claim with an intent to harass or delay. *Baker Indus. v. Cerberus, Ltd.*, 764 F.2d 204, 208 (3d Cir. 1985) (citations omitted).

### 2. *Motion to Show Cause*

Mr. Oasin first argues that the Court should award him costs and attorneys' fees as a result of the plaintiff's filing of his motion to show cause. Mr. Oasin contends that Mr. Friedman's failure to inquire as to

whether Mr. Oasin was subject to this court's disciplinary rules was evidence of his bad faith and warrants the imposition of sanctions. While the prudent lawyer might have determined whether Mr. Oasin had been admitted to practice before this Court prior to filing a motion to show cause, the Court finds that Mr. Friedman's conduct did not amount to a knowing attempt to harass his opponent.

Mr. Friedman's belief that Mr. Oasin was subject to this Court's disciplinary rules based largely upon Mr. Oasin's participation in related litigation before this Court. Mr. Oasin was identified as "Of Counsel" in interrogatory responses submitted in the related litigation. Moreover, Mr. Oasin was identified as a point of contact during the discovery process and participated in settlement discussions. While Mr. Oasin contends that these facts should not have led Mr. Friedman to believe that Mr. Oasin had been admitted to practice before this Court, his argument fails to convince the Court that Mr. Friedman either knew or should have known that Mr. Oasin had not been admitted, and filed the motion to show cause with that knowledge. Accordingly, Mr. Oasin's motion for costs and attorneys' fees arising from the motion to show cause is denied.

### 3. *Multiplication of the Proceedings*

Mr. Oasin also contends that Mr. Friedman has unreasonably and vexatiously multiplied the proceedings in violation of the federal cost statute. Over the course of the litigation, the plaintiff has filed a variety of motions with the Court, including a motion to disqualify the defendant's counsel, a motion for a reconsideration of the court's order granting an extension of time in which the defendant could answer the complaint, a motion to take the deposition of the defendant, a motion to reconsider an order imposing sanctions, and the motion to show cause. Each of these motions was denied by the Court. Mr. Oasin argues that these actions amount to the sort of unreasonable and vexatious conduct prohibited by the federal cost statute.

In general, three requirements must be met before a court may impose sanctions pursuant to 28 U.S.C. § 1927: "(1) a multiplication of proceedings by an attorney; (2) by conduct that can be characterized as unreasonable and vexatious; and (3) a resulting increase in the cost of proceedings." *Baker Indus.,* 764 F.2d at 214 (Higginbotham, J., dissenting); *Campana v. Muir,* 615 F.Supp. 871, 874 (M.D.Pa.1985). Moreover, the Third Circuit has read a bad faith or intentional misconduct requirement into the statute. *Williams v. Giant Eagle Markets, Inc.,* 883 F.2d 1184, 1191 (3d Cir. 1989); *Baker Indus.,* 764 F.2d at 208. Accordingly, unless the record reveals conduct " 'of an egregious nature, stamped by bad faith that is violative of recognized standards in the conduct of litigation,' " there can be no liability under section 1927. *Id. quoting Colucci v. New York Times Co.,* 533 F.Supp. 1011, 1014 (S.D.N.Y.1982). Thus, while the plaintiff's motions have lacked merit, there is nothing to suggest that the motions were filed primarily for oppressive purposes. Since the record fails to reveal any bad faith on the part of the plaintiff, defendant's motion for costs and attorneys' fees is denied.

Accordingly, for the reasons enumerated above, the Court concludes that the defendant enjoys an absolute immunity from this lawsuit. As a result, the defendant's motion to dismiss must be granted. However, since the plaintiff's conduct during the course of this litigation did not reach the level of willful bad faith, the defendant's motion for costs and attorneys' fees is denied.