**Fred OPPENHEIMER, Plaintiff,**

v.

**CHARLES SAMELSON, INC. and Suzanne Division of Charles Samelson, Inc., Defendants.**

**No. 94 Civ. 2576 (HB).**

United States District Court, S.D. New York.

Nov. 1, 1995.

Ira A. Sturm, Manning, Raab, Dealy & Sturm, New York City, for Plaintiff.

Clifford Perlman, Perlman & Perlman, New York City, for Defendants.

### MEMORANDUM AND ORDER

BAER[1], District Judge.

The plaintiff brought his action under 42 U.S.C. § 1981(a) and 42 U.S.C. § 2000e alleging religious discrimination. The action went to trial before a jury which found for the defendants. The defendants as prevailing parties now move for an award of attorneys' fees pursuant to 42 U.S.C. § 1988 and § 2000e–5(k).

The standard to be applied in determining whether an award should be made is identical under both [of these] sections. The fact that plaintiff failed to sustain her claims does not automatically entitle the defendant to such fees. Fees may be granted to a prevailing party only upon a finding that the plaintiff's claims were 'frivolous, unreasonable or groundless, or that plaintiff continued to litigate after (they) clearly became so.'

*Spence v. Eastern Airlines, Inc.*, 547 F.Supp. 204, 205 (1982) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422, 98 S.Ct. 694, 701, 54 L.Ed.2d 648 (1978) (footnotes omitted)).

The lawsuit was not dismissed at the end of plaintiff's case. There has been no finding that plaintiff's action was frivolous, unreasonable, or without foundation. Plaintiff merely did not prevail in his case against the defendant.

The parties agree that the controlling case is that of *Christiansburg Garment Co. v. EEOC* 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978).

In *Christiansburg* the Court pointed out that the term "meritless"

is to be understood as meaning groundless or without foundation, rather than simply that the plaintiff has ultimately lost his case. . . . [A] district court may in its

---

1. Reginald Lewis, a 1995 graduate of New York University School of Law, assisted in the re-

search and preparation of this memorandum.

discretion award attorney's fees upon finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.

*Id.* at 421, 98 S.Ct. at 700.

Where the court is called upon to make such a finding,

> it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation.

*Id.* at 421–22, 98 S.Ct. at 700–01.

The plaintiff had acted as every plaintiff acts, filing his complaint, appearing for deposition and appearing at trial. He left the strategy of his case to his attorneys.

> Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.

*Id.* at 422, 98 S.Ct. at 701.

In this case the plaintiff alleged that (1) he holds a sincere religious belief that conflicted with his employment requirements; (2) he informed his employer of the conflict; and (3) he was discharged for failing to comply with the employment requirements. The plaintiff took the stand and testified in his own behalf and made out, in my view, a *prima facie* case. The fact that the jury found against him does not meet the test for an award of attorneys' fees. As we read in *Christiansburg,*

> To take the further step of assessing attorney's fees against plaintiffs simply because they do not finally prevail would substantially add to the risks inhering in most litigation and would undercut the efforts of Congress to promote the vigorous enforcement of the provisions of Title VII.

*Id.*

Since I do not find that the plaintiff's claim was frivolous, nor does plaintiff's claim appear so on its face, the award of attorneys' fees would have to be made *post hoc,* because plaintiff failed to prevail. This would run counter to the prevailing law. Attorneys' fees must be denied.

**SO ORDERED.**