Thelma DAILEY, Plaintiff,

v.

DISTRICT 65, UAW (formerly District 65, DWA), David Livingston and Morris Doswell, Defendants.

78 Civ. 4576.

United States District Court,
S. D. New York.

Jan. 30, 1981.

Lawrence Cumberbatch, New York City, for plaintiff.

Eisner, Levy, Steel & Bellman, P. C., New York City, for defendants.

MEMORANDUM AND ORDER

OWEN, District Judge.

Defendants, a union and two of its officers, move for counsel fees incurred in their defense of a Title VII action. All of the defendants were represented by the same lawyer, Richard F. Bellman of the firm of Eisner, Levy, Steel & Bellman. Plaintiff, Thelma Dailey, a 58-year-old black woman, had advanced over the years to become a vice president of District 65, Distributive

Workers of America (the "Union"). In 1976, she and eight others were discharged by the union.[1] The Union asserted that the nine terminations were designed to relieve the union staff of employees who were no longer productive. Plaintiff rejected this explanation and claimed that her discharge was motivated by sex, race, and age discrimination. She filed a claim with the New York State Division of Human Rights which, after a hearing, found against her. Thereafter, the Equal Employment Opportunity Commission reviewed the record, concluded that there was no reasonable cause to believe that the charge was true, and issued a "right to sue" letter. Plaintiff thereupon filed a *pro se* complaint in this Court against the Union and its president, David Livingston, and plaintiff's supervisor, Morris Doswell. In her handwritten complaint, plaintiff alleged that:

> I was discharged because I was discriminated against because of my sex, race and age. My duties after my termination were assumed by younger white males with less education, seniority and experience than I.

After a bench trial lasting several days, at which plaintiff was represented by two attorneys, I found that her claims of sex, race, and age discrimination were without merit. Dailey conceded that her allegation that she had been replaced by younger, white males was not true. In fact, her job was filled by a black male only two years younger than plaintiff. Indeed, the charges against Morris Doswell, a black male who was plaintiff's supervisor, were dismissed at the close of plaintiff's case after Dailey's counsel virtually conceded that there was not a scintilla of evidence to support the allegations. The case against the Union and its president was dismissed from the bench at the close of the trial. I concluded that there was no evidence whatsoever to support Dailey's claims of sex and race dis-

crimination, and no "worthy" evidence to substantiate her age discrimination charges. At that time, I observed that this lawsuit appeared to have been motivated by plaintiff's desire to avenge what she took to be slurs on her competence which had been made at various times over the years. In addition, I also expressed my distress at the fact that the dues of Union members had to be diverted to defend against these baseless claims.

 An award of counsel fees to a successful defendant in a Title VII case should be made only under the most compelling of circumstances. *Carrion v. Yeshiva University*, 535 F.2d 722 (2d Cir. 1976). In my judgment this is such a case. While I credit the affidavit of defense counsel as to the total time spent in defending against the allegations and the customary fees charged for such services, I must also keep in mind the plaintiff's circumstances and resources.[2] It is obvious that plaintiff had sufficient resources to engage at various times three lawyers to represent her. In opposition to this motion, plaintiff's present attorney urges that if the motion is not denied, "the attorney fees award [should] be limited to a nominal amount, not to exceed $2,000." In deciding what would be a fair and reasonable award of attorney's fees, I have taken into account the length of the trial and defense counsel's high level of competence, and I hereby award to defendants a total of $4,000 in counsel fees.

The foregoing is so ordered.

---

1. The group of nine employees was composed of the following individuals: James Johnson, a 53 year-old, black male; Julio Reyes, a 62 year-old, Hispanic male; Harry Karp, a 64 year-old, white male; Norman Kirchenbaum, a 62 year-old, white male; Al Turbane, a 62 year-old, white male; John Mengelo, a 59 year-old, white male; Harry Bush, a 59 year-old, white male; Charles Davis, a 52 year-old, black male.

2. During the trial, plaintiff indicated that she had found new employment.