Phyllis M. RED CLOUD–
OWEN, Plaintiff,

v.

ALBANY STEEL, INC.,
et al., Defendants.

No. 95–CV–843 RWS.

United States District Court,
N.D. New York.

April 4, 1997.

Joseph Hein, Office of Joseph Hein, Altamont, NY, for Phyllis M. Red Cloud-Owen.

Kim E. Greene, Ruberti, Girvin Law Firm, Albany, NY, for Albany Steel, Inc., Peter J. Hess, Deanna Mantica.

## ORDER

RALPH W. SMITH, JR., United States Magistrate Judge.

Following a trial before this court that commenced on January 27, 1997, the jury found plaintiff entitled to judgment in the amount of only $1.00 from just one of the named defendants, Albany Steel, Inc. (hereinafter "ASI"), based upon plaintiff's claim that she suffered discrimination by reason of that defendant's use of four health- and disability-related questions on its employment application. In addition, the jury found no liability on the part of the individual defendants and found against plaintiff on her claim of discrimination when she was discharged from her employment after just five days on the job.

Presently before the court are cross-motions for awards of attorney's fees and costs. Section 505 of the Americans with Disabilities Act provides that "[i]n any action ... commenced pursuant to this chapter, the court ..., in its discretion, may allow the prevailing party ... a reasonable attorney's fee, including litigation expenses, and costs...." 42 U.S.C. § 12205.[1] After a very careful review of the lengthy motion papers and opposition papers, the court denies both motions.

### Plaintiff's Application

■ Plaintiff seeks an award of reasonable attorney's fees and costs pursuant to 42 U.S.C. § 12205, 42 U.S.C. § 2000e-5(k), and Fed.R.Civ.P. 54. She asserts she is clearly a prevailing party and seeks reduced fees of $28,273.75 and reduced costs and litigation expenses of $908.17 as she was allegedly awarded compensatory damages for actual injury and achieved a significant legal victory which serves an important public purpose.

Defendant ASI contends that plaintiff's motion must be denied as it does not contain an affidavit supporting her claim for fees and costs which are required by the rules of this court. In addition, defendant asserts that plaintiff did not achieve a sufficient degree of success to warrant an award of fees and costs. Finally, defendant argues that plaintiff grossly exaggerates the percentage of attorney time reasonably expended on the four questions.

A two-step inquiry is required to determine whether an award of attorney's fees is appropriate. *Pino v. Locascio*, 101 F.3d 235, 237 (2d Cir.1996). "First the party must be

1. This section essentially parrots 42 U.S.C. §§ 1988, 2000e-5(k).

a 'prevailing party' in order to recover.... If she is, then the requested fee must also be reasonable." *Id.* (citing *Farrar v. Hobby,* 506 U.S. 103, 109, 113 S.Ct. 566, 571–72, 121 L.Ed.2d 494 (1992); *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983)).

In the instant case, plaintiff was awarded just $1 on her application claims. Nonetheless, "[p]laintiffs who win nominal damages are, indeed, prevailing parties for purposes of fee awards." *Pino,* 101 F.3d at 238 (citing *Farrar,* 506 U.S. at 112, 113 S.Ct. at 573). The court's inquiry thus turns to the second step.

Plaintiff contends that "[t]he **Second Circuit** has rejected determining a reasonable attorney's fee by comparing damages sought with those actually attained." (Pl.'s br. at 5, citing *Lilly v. County of Orange,* 910 F.Supp. 945, 953–54 (S.D.N.Y.1996)²) (emphasis added). That statement is incorrect in at least two respects.³ First, the case cited by plaintiff to support this proposition is a **district** court decision, not one by the Second Circuit Court of Appeals. Moreover, in a decision rendered three months before the instant case went to trial, the Second Circuit, in fact, compared the damages sought with those actually obtained. *Pino,* 101 F.3d at 238 (Plaintiff sought $21 million but was awarded just $1.00). Significantly, the Circuit Court held in *Pino* that "[t]he most important factor in determining the reasonableness of a fee is the degree of success obtained." *Id.* at 237 (citing *Farrar v. Hobby,* 506 U.S. 103, 114, 113 S.Ct. 566, 574–75, 121 L.Ed.2d 494 (1992)). *See Carroll v. Blinken,* 105 F.3d 79, 81 (2d Cir.1997) ("*Pino* stands for the proposition that in determining the reasonableness of a fee award ..., the quantity and quality

of relief obtained is a critical factor. Where the damage award is nominal or modest, the injunctive relief has no systemic effect of importance, and no substantial public interest is served, a substantial fee award cannot be justified.").

In *Farrar,* the Supreme Court stated that "[i]n some circumstances, even a plaintiff who formally 'prevails' ... should receive no attorney's fees at all. A plaintiff who seeks compensatory damages but receives no more than nominal damages is often such a prevailing party." *Farrar,* 506 U.S. at 115, 113 S.Ct. at 575. In fact, as noted by the *Pino* court, the Supreme Court further noted that "when a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief, ... the only reasonable fee is usually no fee at all." *Farrar,* 506 U.S. at 115, 113 S.Ct. at 575; *Pino,* 101 F.3d at 238. The Second Circuit concluded by stating, "In short, while there is no per se rule that a plaintiff recovering nominal damages can never get a fee award, *Farrar* indicates that the award of fees in such a case will be rare." *Pino,* 101 F.3d at 238.

This is not one of those rare cases. Plaintiff failed to prove an essential element of her case, namely, the actual injury she suffered by virtue of defendant ASI's four improper application questions. Further, this case did not create a "new rule of liability that served a significant public purpose." *Id.* at 239. *See Cabrera v. Jakabovitz,* 24 F.3d 372, 393 (2d Cir.), *cert. denied,* 513 U.S. 876, 115 S.Ct. 205, 130 L.Ed.2d 135 (1994). Defendant correctly notes that the judgment in this case contains no declaratory relief, and plaintiff did not seek injunctive relief. She sought only monetary relief for herself and toward

---

**2.** The jury in *Lilly* found one defendant liable and awarded plaintiff $11,500 in compensatory damages. *Lilly v. County of Orange,* 910 F.Supp. 945, 948 (S.D.N.Y.1996). Plaintiff in this case, however, received only nominal damages of $1.00.

**3.** It appears plaintiff did not read the Lilly case carefully enough. That court stated that "[w]hile the rule that attorneys' fees should only be awarded proportionate to the ratio between damages sought and actually obtained has been rejected, ... there can be no question that a court

may consider the limited success in obtaining the relief being sought in exercising its discretion to adjust the amount of attorney's fees to be awarded." *Lilly,* 910 F.Supp. at 954 (citations omitted). In fact, the court acknowledged a line of authority, which included *Farrar v. Hobby,* 506 U.S. 103, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992), in which a "prevailing party may be denied attorney's fees altogether if the victory is 'technical' or the award only 'de minimis,'" which clearly is the case here. *Lilly,* 910 F.Supp. at 953–54.

that end received just $1. In addition, the court agrees with defendant that the four improper application questions clearly were not a significant part of plaintiff's case. Instead, it is readily apparent that the primary focus of this action was her discharge claim. *See Cramblit v. Fikse*, 33 F.3d 633 (6th Cir. 1994) (cited by defendant).

In sum, like defendant, the court "finds it very difficult to believe that an unpublished jury instruction and a $1.00 award will have the profound effect envisioned by Plaintiff." (Def.'s opp. br. at 10). There is simply no basis, legally or factually, for plaintiff's contention that the jury award here "sends a strong message across this State and nation." As asserted by defendant, "[p]laintiff did not accomplish any 'public goal other than occupying the time and energy of counsel, court and client.'" (Def.'s opp. br. at 15–16) (quoting *Farrar*, 506 U.S. at 122, 113 S.Ct. at 578–79 (O'Connor, J., concurring)). Plaintiff "may have won a point, but the game, set, and match all went to the defendants." *Id.* at 121, 113 S.Ct. at 578 (O'Connor, J., concurring).

### Defendant's Application

■ With regard to the case in chief,[4] pursuant to Rules 11 and 54(d) of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927, and 42 U.S.C. §§ 1988 and 12205, defendant ASI seeks an award of costs and reasonable attorney's fees in the amount of $82,118.09 from both plaintiff and her attorney on plaintiff's unsuccessful discharge claims. Defendant contends it is entitled to such an award because of the frivolous, unreasonable, and groundless nature of plaintiff's claims, which allegedly were brought in bad faith, and because plaintiff and her attorney continued to litigate those claims long after they were aware of their groundless nature. Defendant asserts that plaintiff's claims were, from the

outset, based on a falsehood and have been unreasonably embellished and extended throughout this litigation.

Plaintiff responds that filing her federal complaint after the SDHR and the EEOC had dismissed her claim does not justify the award of fees to defendant. In addition, she asserts she obtained substantial evidence during discovery that reinforced her case. Furthermore, she contends her claims, pleadings, and testimony are entirely consistent. Finally, it is asserted that her attorney did not violate 28 U.S.C. § 1927 and Fed. R.Civ.P. 11 and that 42 U.S.C. § 1988 has no application to this case.[5]

■ "The fact that plaintiff failed to sustain [all of her claims] does not necessarily mean the defendant is automatically entitled" to attorney's fees and costs. *Colucci*, 533 F.Supp. at 1012. Rather, such an award will be made to the prevailing defendant only if plaintiff's claim is "frivolous, unreasonable, or groundless, or . . . the plaintiff continued to litigate after it clearly became so." *Christiansburg Garment Co. v. Equal Employment Opportunity Commission*, 434 U.S. 412, 422, 98 S.Ct. 694, 700–01, 54 L.Ed.2d 648 (1978). *See American Fed'n of State, County and Mun. Employees v. County of Nassau*, 96 F.3d 644, 646 (2d Cir.1996) (hereinafter referred to as *"AFSCME"*). "Plaintiff's subjective good faith, or the absence thereof is not relevant to the issue of whether a fee award is warranted." *Colucci*, 533 F.Supp. at 1012 (citing *Christiansburg*, 434 U.S. at 421, 98 S.Ct. at 700).

■ "An award of counsel fees to a successful defendant . . . should be made only under the most compelling of circumstances." *Dailey v. District 65, UAW*, 505 F.Supp. 1109, 1110 (S.D.N.Y.1981) (citing *Carrion v. Yeshiva Univ.*, 535 F.2d 722 (2d Cir.1976)).

---

4. In his opposition to plaintiff's motion for fees and costs, defense counsel separately seeks sanctions and attorney's fees and costs pursuant to L.R. 7.1(k) due to plaintiff's allegedly incurable violation of L.R. 7.1(c), namely, plaintiff's failure to support her motion for fees by affidavit. In this separate request, defendant seeks an additional award of $10,972.50 in attorney's fees and $47.80 in costs. (Def.'s opp. br. at 21). While not condoned by the court, the court finds that Mr. Hein's transgression certainly does not war-

rant the imposition of the sanctions sought by defendant.

5. Surprisingly, plaintiff's counsel did not raise the issue of plaintiff's resources, circumstances, and ability to pay attorney's fees and costs. *See Colucci v. New York Times Co.*, 533 F.Supp. 1011, 1012–13 (S.D.N.Y.1982); *Dailey v. District 65, UAW*, 505 F.Supp. 1109, 1110 (S.D.N.Y. 1981).

After carefully reviewing the pleadings and the motion papers, and having presided over the trial, the court finds that this is not one of those rare cases.

Defendant places a great deal of emphasis on the findings of the SDHR and the EEOC. Defendant contends that "[a]fter Plaintiff's claim, including her earplug story, was investigated and dismissed by SDHR and the EEOC, Plaintiff should have understood that there was sufficient proof of her poor performance and ASI's good treatment of hearing impaired employees to render any further litigation nothing but harassment." (Def.'s br. at 15).

However, while defendant states that "[p]laintiffs who have lost their claims in administrative agencies and again in federal court have been repeatedly ordered to pay attorneys' fees to prevailing defendants" (Def.'s br. at 16), plaintiff convincingly shows in her opposition papers that the cases cited by defendant in support of that proposition are clearly distinguishable from the instant case. (Pl.'s opp. br. at 4–8). As plaintiff notes, in this case there were no hearings before this action was commenced. Rather, the SDHR "held a simple 'conference' between the parties, after which they issued their Determination which 'concluded that there was insufficient evidence to support Plaintiff's allegations.'" (Pl.'s opp. br. at 5, quoting def.'s br. at 5). The extent of the SDHR "investigation" was merely this conference, a letter to SDHR from defendant Hess, and plaintiff's job application. (Pl.'s opp. br. at 9). No testimony was taken, and no documentary evidence was offered to support the SDHR's findings. (Pl.'s opp. br. at 9). Furthermore, even defense counsel seemingly attempted to minimize the value of the SDHR's summary when discrepancies were discovered at defendant Mantica's deposition. (Pl.'s opp. br. at 9). In addition, defendant admits that "SDHR's Determination did not specifically address the alleged 'earplug' conversation between Plaintiff and Ms. Mantica and Plaintiff's allegation that it led to her discharge," although defendant makes the bald assertion that "it is clear that SDHR concluded that Plaintiff lied about the conversation." (Def.'s br. at 6).

Defendant later describes the "earplug conversation" as the "core fabrication," and it seems this purported conversation is at the heart of defendant's fee claim. Plaintiff, however, steadfastly maintains that this conversation took place, while defendants deny it ever occurred. Furthermore, plaintiff convincingly shows in her opposition brief that there may have been some evidence which, if believed, could have been construed as pretext. Quite obviously the jury was faced with a credibility determination.

While the court questions the credibility of plaintiff's testimony, and apparently the jury did likewise, that alone is insufficient to award fees to defendant. The Second Circuit recently stated that "a claim is not necessarily frivolous because a witness is disbelieved or an item of evidence is discounted, disproved or disregarded at trial.... Generally, where evidence is introduced that, if credited, would suffice to support a judgment, fees are unjustified." *AFSCME,* 96 F.3d at 652. Furthermore, the court must "resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Christiansburg,* 434 U.S. at 421–22, 98 S.Ct. at 700–01.

In sum, after due consideration of the contentions of the parties, the court finds that defendant is not entitled to an award of fees and costs on plaintiff's unsuccessful discharge claims.

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED,** that plaintiff's motion for attorney's fees and costs (Doc. No. 77) is **denied,** and it is further

**ORDERED,** that defendant's cross-motion for attorney's fees and costs (Doc. No. 75) is **denied.** It is further

**ORDERED,** that the Clerk of the Court serve a copy of this Order upon the parties by regular mail.

**IT IS SO ORDERED.**